A91A1870. IN THE INTEREST OF L. F., a child.
(417 SE2d 344)

CARLEY, Presiding Judge.

Pursuant to OCGA § 15-11-81 (b) (4), appellee-Georgia Department of Human Resources sought the termination of appellant-father's parental rights in his daughter. The trial court conducted a hearing, made findings of fact, and terminated appellant's parental rights. Appellant appeals, enumerating only the general grounds.

The evidence shows that appellant has been incarcerated since his daughter was six months old and he has not seen her since that time. While in prison, appellant has been the subject of several disciplinary actions, one of which was for possession of a weapon. He has previous convictions for voluntary manslaughter and burglary. The child's mother has voluntarily surrendered her parental rights.

" 'Although imprisonment alone does not always compel a termination of parental rights,' it will support such a ruling when adequate aggravating circumstances are shown to exist. *In the Interest of R. L. H.*, 188 Ga. App. 596, 597 (373 SE2d 666) [(1988)]; compare *In the Interest of H. L. T.*, 164 Ga. App. 517 (298 SE2d 33) [(1982)] (where father was a model prisoner). Thus, in determining whether a child is without proper parental care and control, OCGA § 15-11-81 (b) (4) (B) (iii) provides the court *shall* consider, 'without being limited' thereto, the conviction and imprisonment of a parent for a felony offense which has a demonstrable negative effect on the quality of the parent-child relationship. The 'demonstrable negative effect,' however, is capable of being shown by circumstantial as well as by direct evidence. And where, as in this case, an incarcerated parent has a criminal history of repetitive incarcerations for the commission of criminal offenses or parole violations, this constitutes an additional factor which may be considered in determining whether the child *presently* is without the proper parental care and control of the offending parent, and that such is likely to continue. [Cit.] As a general rule, 'while . . . past deprivation is not sufficient for termination without a showing of present deprivation, the past conduct of the parent is properly considered by the court in determining whether such conditions of deprivation are likely to continue.' [Cit.]" (Emphasis in original.) *In the Interest of S. K. L.*, 199 Ga. App. 731, 733 (1) (405 SE2d 903) (1991).

" 'The appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most

favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost.' [Cit.] 'The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met.' [Cit.] Applying these standards we find the trial court did not err. [Cit.]" *In the Interest of S. K. L.,* supra at 734 (1).

*Judgment affirmed. Beasley and Johnson, JJ., concur.*

DECIDED MARCH 2, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992 —

*Bates, Kelehear & Starr, James Toland, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Staff Attorney, Waycaster, Corn, Murray & Morris, Cynthia N. Johnson,* for appellee.