A94A2302. IN THE INTEREST OF J. D. D. et al., children.
(449 SE2d 655)

BLACKBURN, Judge.

The appellant appeals an order of the Juvenile Court of DeKalb County terminating her parental rights with respect to her three children, S. J. D., F. S. D., and R. D., based upon the court's finding that the children were deprived because of the appellant's chronic unrehabilitated abuse of alcohol, and that such deprivation was likely to continue. The juvenile court also terminated the parental rights of her husband, the children's father, and no appeal has been taken from the portion of the court's order terminating the father's parental rights.

In two separate enumerations, the appellant challenges the sufficiency of the evidence to support the termination of her parental rights. Specifically, she asserts that the clear and convincing evidence

did not show that the cause of the children's deprivation was likely to continue or that she unjustifiably failed to comply with a court-ordered plan for reunification for a period of a year prior to the filing of the termination petition.

"The appropriate standard of appellate review in a case where a parent's rights to her child have been severed is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met." (Citations and punctuation omitted.) *In the Interest of J. H.,* 210 Ga. App. 255, 258 (435 SE2d 753) (1993).

"The termination of parental rights under OCGA § 15-11-81 is a two-step process. First, the court determines whether there is clear and convincing evidence of parental misconduct or inability. Second, the court considers whether termination is in the best interest of the child." (Citation and punctuation omitted.) *In the Interest of M. R.,* 213 Ga. App. 460, 463 (1) (444 SE2d 866) (1994). A parent's excessive use of alcohol and failure to comply with court-ordered reunification plans for a year or longer are among the factors which the court may consider in determining parental conduct or inability. OCGA § 15-11-81 (b) (4) (B) (ii), (C) (iii).

It is undisputed that the children are deprived based upon two unappealed orders of which the court took judicial notice during the termination proceeding. See *In the Interest of J. L. Y.,* 184 Ga. App. 254 (1) (361 SE2d 246) (1987). In June 1991, one-year-old S. J. D. and one-month-old F. S. D. were adjudicated deprived children and placed in state custody due to both parents' habitual intoxication which often led to incidents of domestic violence and the use of profanity. R. D., the youngest child, who was born on August 26, 1992, was adjudicated a deprived child in November 1993, after the appellant and her husband admitted that the child had been in their care on numerous occasions when their intoxicated state placed the child at risk. He was subsequently placed in the custody of the state.

A reunification plan was implemented in 1991 after the appellant's older children were placed in the homes of relatives by the DeKalb County Department of Family & Children Services (DFACS). However, the evidence before the juvenile court showed that the appellant failed to significantly comply with the plan. The appellant failed to submit to prenatal examinations; missed parenting classes and family counseling meetings; fled to Alabama with her husband and the children without DFACS' knowledge and permission while

the children were temporarily in their custody; failed to maintain a clean and sanitary home environment; and failed to maintain steady employment and provide financial support for the children.

The evidence also showed that the appellant continued to regularly consume intoxicating liquors in disregard of the reunification plan. Several family members testified that she continued to abuse alcohol as recently as six months prior to the termination hearing. She also consumed alcohol during her pregnancy with R. D. and while she was nursing the infant. She appeared at the children's daycare center noticeably intoxicated prior to the Alabama trip, and was also noticeably intoxicated when she made a late appearance at R. D.'s deprivation hearing on October 1, 1993. During her testimony, the appellant admitted that she was so inebriated on December 15, 1993, one week before the filing of the instant petition, that she could not remember leaving a bar with a man who was not her husband and bringing the man to the family home.

Several witnesses testified that the appellant was unable to properly care for the children while they were temporarily in her physical custody. When the children returned from the Alabama trip with the appellant and her husband in September 1993, where they lived outdoors for several days, all of the children had upper respiratory infections; F. S. D. had an ear infection; and S. J. D. appeared malnourished. F. S. D. would often return from weekend visits with a diaper rash as a result of infrequent diaper changes. On one occasion, F. S. D. returned from a temporary visit with the appellant with a burn the size of a cigarette burn under her nose.

This clear and convincing evidence authorized the trial court's finding that the cause of the children's undisputed deprivation is likely to continue, and likely to cause serious physical, emotional or moral harm. See *In the Interest of M. R.,* 213 Ga. App. 460 (444 SE2d 866) (1994). Although past deprivation is not sufficient for termination without a showing of present deprivation, the court can consider a parent's past conduct in determining whether such conditions of deprivation are likely to continue. *In the Interest of J. L. Y.,* supra. See also *In the Interest of J. M. C.,* 201 Ga. App. 173, 174 (410 SE2d 368) (1991).

We reject the appellant's argument that the evidence does not show that she has failed to comply with plans for reunification with R. D. for the one-year period required under OCGA § 15-11-81 (b) (4) (C). The one-year period provided for in OCGA § 15-11-81 (b) (4) (C) is designed to give those parents interested in reuniting with their children sufficient time and opportunity to demonstrate an ability to comply with the terms of the court's order. *In the Interest of B. L.,* 196 Ga. App. 807, 808 (397 SE2d 156) (1990). The appellant has had in excess of three years to demonstrate an ability to comply with the

1991 reunification plans, and hence, the intent of the statute has been satisfied. Id. Any additional time for improvement would not overshadow the detriment that these young children have suffered during their tender years. See id. Under these circumstances, we cannot say that the juvenile court erred in terminating the appellant's parental rights.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 27, 1994.

*Nikki L. Marr,* for appellant.

*Michael J. Bowers,* Attorney General, *William C. Joy,* Senior Assistant Attorney General, *Teresa E. Lazzaroni,* Assistant Attorney General, *Robert G. Nardone,* for appellee.