A95A0635. IN THE INTEREST OF E. N. H., a child.

(453 SE2d 778)

BLACKBURN, Judge.

The appellant, Danny Hanners, the biological father of E. N. H., appeals from the trial court's order terminating his parental rights with respect to the minor child.

In two separate enumerations of error, Hanners maintains that the trial court erred in terminating his parental rights because the evidence did not warrant termination of his rights and his felony convictions did not demand the termination of those rights.

"The appropriate standard of appellate review in a case where a parent's rights to h[is] child have been severed is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met." (Citations and punctuation omitted.) In the Interest of J. D. D., 215 Ga. App. 68, 69 (449 SE2d 655) (1994).

"The termination of parental rights under OCGA § 15-11-81 is a two-step process. First, the court determines whether there is clear and convincing evidence of parental misconduct or inability. Second, the court considers whether termination is in the best interest of the child." (Citation and punctuation omitted.) Id. A parent's felony conviction and imprisonment which has a demonstrable negative effect on the quality of the parent-child relationship is among the factors that a trial court can consider in determining parental misconduct or inability. OCGA § 15-11-81 (b) (4) (B) (iii).

At the time of the termination hearing, Hanners was incarcerated and has been incarcerated since October 1990. He pled guilty to molesting his niece in February 1984, and while on parole, was arrested for molesting E. N. H. and her older sister, his stepdaughter, in the family home. He subsequently pled guilty to five counts of the eight-count indictment to child molestation, aggravated sodomy, rape, and

cruelty to children. All of the charges involved E. N. H.'s sister. The charges involving E. N. H. were nolle prossed as a part of the negotiated plea. E. N. H.'s sister was only five years old at the time of the conviction.

E. N. H. was five years old at the time of the termination hearing and has been in the custody of the Department of Family & Children Services for most of her life. E. N. H. and her sister were placed in the department's custody in October 1990 when Hanners was arrested for molesting the children. Although the children were reunified with their mother, they were returned to the custody of the department a year later because of neglect. No attempts were made to reunify the children with Hanners because of the special conditions of his probation from his prior molestation conviction which prohibited his contact with children under the age of 14. As a condition of his more recent convictions, Hanners is prohibited from having any contact with E. N. H.

A case plan subsequently developed by the department required Hanners' participation in a counseling program and there is no evidence that Hanners has participated in such a program. He has admittedly not seen the child, written the child, or provided any financial support to the child since his incarceration in 1990. According to a department caseworker, E. N. H. has little memory of Hanners, and his conviction has had a demonstrable negative effect on their relationship. A psychologist familiar with E. N. H. and her older sister opined that E. N. H. should not be placed in the home with Hanners upon his release from prison. The child's mother has voluntarily surrendered her rights to the child. E. N. H. has bonded with her foster family with whom she and her older sibling have lived for nearly two years.

"Although imprisonment alone does not always compel a termination of parental rights, it will support such a ruling when adequate aggravating circumstances are shown to exist." (Citations and punctuation omitted.) *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344) (1992). Circumstantial evidence may be used to show the demonstrable negative effect of a parent's incarceration for a felony offense upon the parent-child relationship. Id. In this case, where Hanners has been repeatedly convicted for the sexual exploitation of young female family members, and has been arrested for molesting the minor involved in this termination action, this constitutes an additional factor which may be considered in determining whether E. N. H. is presently without Hanners' proper care and control, and that such is likely to continue. Id. As a general rule, past deprivation is not sufficient for termination without the showing of present deprivation. Id. However, in this case, Hanners' past molestation of young females is proper for consideration on whether such deprivation will continue in

the future. Id.

The clear and convincing evidence presented at the termination hearing, including Hanners' molestation convictions and lack of financial support of or communication with E. N. H. since his incarceration, authorized the trial court's finding that E. N. H. is deprived without proper parental care and control, and that termination is within the best interest of the child. Accordingly, Hanners' enumerations of error are without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 1, 1995.

*David L. Whitman*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, Kathryn C. Reeder*, for appellee.