A98A1079. IN THE INTEREST OF A. C., a child.
(507 SE2d 549)

Judge Harold R. Banke.

The biological father of A. C. appeals the termination of his parental rights. Although the biological father and A. C.'s mother are not married, the father's petition to legitimize A. C. has been granted. The mother is not a party to this appeal.

Before A. C. was placed in the custody of her paternal grandmother, she lived with her mother, N. M., a half-sister, and her bio-

logical father. A. C. was removed from the custody of her mother upon the petition of the paternal grandmother after A. C. was abandoned to her custody. Thereafter, the juvenile court issued an emergency order finding that A. C. was deprived and placed her in her grandmother's custody. The order found that A. C. was abandoned, her mother and biological father were drug addicts and alcoholics, her father had been incarcerated and was out on bond, reasonable efforts had been made to prevent removal, and continuation in the home would be contrary to A. C.'s welfare. Later, the juvenile court issued a final deprivation order finding that A. C. continued to be deprived and her parents were unfit. Neither order was appealed.

Ultimately, the Department of Family & Children Services petitioned the court to terminate the biological parents' parental rights. After a hearing in which the biological father participated with his counsel, the court found the biological mother abandoned A. C. to her paternal grandmother and both biological parents had drug problems. The court also found that while the biological father was living with A. C., A. C.'s mother, and N. M., the biological father molested N. M. The biological father subsequently pleaded guilty to two counts of child molestation for molesting N. M. Additionally, the biological father pleaded nolo contendere to the sexual battery of his own grandmother. Because of the sexual battery, his probation adjudged for a prior theft was revoked.

The juvenile court concluded that A. C. was deprived and that this deprivation was the result of the lack of proper parental care and control by her father. The court also found, by clear and convincing evidence, that the father was guilty of egregious conduct by molesting N. M. and by the sexual battery of his grandmother, and that the father had failed to address the problems that caused him to be a sexual predator. Consequently, the court found that the deprivation would continue if A. C. were returned to the father and that termination of his parental rights was in the best interest of A. C.

The biological father contends the juvenile court erred by terminating his parental rights because the evidence was insufficient to show that termination of his parental rights was in the best interest of the child or to show that A. C.'s deprivation would continue. *Held*:

The standard of review is whether, after viewing the evidence in a light most favorable to the appellee, a rational trier of fact could have found by clear and convincing evidence that the biological parent's rights should have been lost. *In the Interest of J. H.*, 210 Ga. App. 255, 258 (1) (435 SE2d 753) (1993); OCGA § 15-11-86. On appeal, this Court defers to the trial court's fact findings and will affirm unless the appellate standard is not met. *In the Interest of R. N.*, 224 Ga. App. 202 (480 SE2d 243) (1997).

In considering the termination of parental rights, the court shall

first determine whether there is present clear and convincing evidence of parental misconduct or inability. If so, the court must consider whether termination of parental rights is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child including the need for a secure and stable home. OCGA § 15-11-81 (a).

The unappealed deprivation orders of the juvenile court are sufficient to establish that A. C. was deprived within the meaning of OCGA § 15-11-81 (b) (4) (A) (i). *In the Interest of A. M. B.*, 219 Ga. App. 133, 134 (464 SE2d 253) (1995). The father's conviction for child molestation can be considered in judging his parental misconduct or inability. OCGA § 15-11-81 (b) (4) (B) (iii). Further, the juvenile court was authorized to consider his egregious conduct toward N. M. because his conduct was of a physically, emotionally, or sexually cruel or abusive nature (OCGA § 15-11-81 (b) (4) (B) (iv)), and the past molestation of N. M. was properly considered in deciding whether A. C.'s deprivation would continue. *In the Interest of E. N. H.*, 216 Ga. App. 209, 210-211 (453 SE2d 778) (1995). Therefore, we are satisfied that the evidence was sufficient to show that A. C.'s deprivation would continue, and we have no doubt the evidence is sufficient to show that termination of the father's parental rights is in the best interest of A. C.

Considering the evidence of the biological father's sexual misconduct involving a young child and his own grandmother as well as his failure to address his moral and psychological problems, the errors enumerated are without merit. Accordingly, the termination of the biological father's parental rights is affirmed.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 15, 1998.

*Robert Greenwald*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, William C. Joy, Senior Assistant Attorneys General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General, Robert E. Hall, John L. Welsh II, Rich & Smith, Michael T. Smith*, for appellee.