A07A0452. IN THE INTEREST OF A. B., a child.
(645 SE2d 716)

BERNES, Judge.

The natural mother of the minor child, A. B., appeals from the juvenile court's protective order finding the child to be deprived. She contends there was insufficient evidence of current deprivation. For the reasons that follow, we affirm.

OCGA § 15-11-2 (8) (A) defines a "deprived child" as, inter alia, "a child who . . . [i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." "That definition focuses upon the needs of the child regardless of parental fault." (Citation omitted.) *In the Interest of J. W.*, 271 Ga. App. 518 (610 SE2d 144) (2005).

> On appeal from a juvenile court's order finding deprivation, we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the child was deprived. We neither weigh evidence nor determine the credibility of witnesses.

(Punctuation and footnote omitted.) *In the Interest of J. L.*, 269 Ga. App. 226 (603 SE2d 742) (2004).

So viewed, the evidence shows that appellant is the natural mother of three children, three-year-old M. F., two-year-old M. B., and three-week-old A. B. The Evans County Department of Family and Children Services ("the Department") first became involved with

appellant in 2004 upon receiving a child protective service report that appellant failed to visit or call to inquire about the condition of her premature infant, M. B., while he received medical care after his birth. The Department provided child protective services to appellant for a two-year period. However, M. F. and M. B. were removed from appellant's custody and placed in foster care based on appellant's failure to cooperate with the Department or to make progress toward her case plan goals.

Immediately after A. B.'s birth, the appellant and the Department entered into three safety plans designed to provide supervision and a safe environment for A. B. The safety plans prohibited unsupervised visits with A. B.'s putative father, who had drug abuse issues; prohibited appellant from returning to the apartment where the putative father resided; and required appellant to obtain drug and alcohol treatment. Thereafter, the Department alleged that appellant had failed to comply with the safety plans, causing A. B. to be deprived and in need of protection. The Department filed a deprivation petition and sought a protective order to impose restrictions and to require appellant's cooperation with the Department. Following an evidentiary hearing, the juvenile court entered a protective order, which allowed A. B. to remain in appellant's custody subject to appellant's compliance with certain conditions.[1]

Appellant contends that there was no clear and convincing evidence to support the juvenile court's determination that A. B.'s deprivation continued to exist. We disagree. The judge had presided over prior proceedings involving appellant and her other two children and supported his finding of deprivation by taking judicial notice of these prior proceedings. See *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984). Because the pleadings and evidence from those proceedings have not been included in the appellate record, we must assume the juvenile court's findings and judgment to be correct. See *Wells Fargo Home Mtg. v. Cook*, 267 Ga. App. 368, 369 (1) (599 SE2d 319) (2004) ("Where all of the evidence is not before the appellate court in a transcript of the evidence, the judgment is assumed to be correct.") (citation omitted).

We nevertheless note that the evidence in this case did show that appellant's two older children, M. F. and M. B., had already been

---

[1] "If the child is found to be a deprived child, the court may . . . [p]ermit the child to remain with . . . her parents . . . subject to conditions and limitations as the court prescribes. . . ." OCGA § 15-11-55 (a) (1). See also *In the Interest of J. L.*, 269 Ga. App. at 229-230 (2). Here, the juvenile court required that appellant maintain stable housing and income; undergo an alcohol and drug assessment and follow any recommendations made by the alcohol and drug counselor; have no contact with the putative father until such time as he has complied with his case plan; submit to random drug screens; and cooperate with the Department.

removed from appellant's custody. "[T]he fact that appellant had [two] older children who were not in her care or supported by her indicates that she would likewise be unable to care for [A. B.]" without supervision. (Citation omitted.) *In the Interest of S. L. B.*, 265 Ga. App. 684, 688 (1) (595 SE2d 370) (2004).

The evidence also showed that appellant had violated the safety plans she had entered into with the Department. While appellant had made significant progress, she still had not obtained alcohol and drug treatment as required by the plan. Appellant had also violated the safety plan by returning to the residence of A. B.'s putative father, who had drug abuse issues.

In light of appellant's failure to comply with the safety plans designed to provide proper parental care or control necessary for A. B.'s physical, mental, or emotional health or morals, the juvenile court's finding of deprivation and entry of a protective order were authorized. See *In the Interest of H. E. M. O.*, 281 Ga. App. 281, 286 (1) (b) (636 SE2d 47) (2006) (finding of deprivation authorized upon failure to meet case plan goals); *In the Interest of H. E.*, 272 Ga. App. 604, 609 (612 SE2d 909) (2005) (finding of deprivation authorized when mother was unable to maintain stability, "particularly when she [was] involved with abusive men or those with substance abuse problems").

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 8, 2007.

*Earle J. Duncan III*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Sherri P. McDonald*, for appellee.