### A09A1090. IN THE INTEREST OF T. W. et al., children.
(678 SE2d 546)

JOHNSON, Presiding Judge.

The mother of nine-year-old T. W. and infant D. W. appeals from the order of the Juvenile Court of Paulding County finding that the children were deprived, awarding temporary custody to the Georgia Department of Human Resources through the Paulding County Department of Family and Children Services (the "Department"), and ordering the Department to prepare a reunification plan. The mother claims that the evidence presented at the deprivation hearing was insufficient to support the juvenile court's findings. We disagree and affirm.

In an appeal from a deprivation order, "we review the evidence from the juvenile court hearings in the light most favorable to the court's judgment and determine whether any rational trier of fact could have found by clear and convincing evidence that the children were deprived."[1] Viewed in such a light, the evidence shows that the juvenile court entered a shelter care order for T. W. and D. W. on October 14, 2008, after their mother was arrested for shooting a gun at D. W.'s putative father. The mother hit, shot at, and threatened the putative father with a knife in the presence of T. W., and she destroyed the father's property in the presence of the child while the father hid from her. The putative father also told police that the mother had previously threatened to shoot him at work and that he

---

[1] (Punctuation and footnote omitted.) *In the Interest of J. C.*, 264 Ga. App. 598 (591 SE2d 475) (2003).

believed she had slashed his tires.

In addition, the mother had been involved in an altercation with a prior boyfriend in 2007, which also involved a firearm, and she had been convicted of making harassing phone calls to T. W.'s biological father in 2000. Evidence was also presented that the mother once threatened to choke T. W. if the child's father did not speak to her on the phone and that, on another occasion, she left T. W. on the doorstep of the child's biological father on a cold night.

OCGA § 15-11-2 (8) (A) provides that a "deprived child" is one who "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals. . . ." In determining whether a child is without proper parental care or control, the court shall consider, among other things, "evidence of past egregious conduct of the parent toward the child or toward another child of a[n] . . . emotionally . . . abusive nature" and "evidence of past . . . mental[ ] or emotional neglect of the child or of another child by the parent."[2] A temporary loss of custody on the basis of deprivation is justified only when the deprivation "resulted from unfitness on the part of the parent, that is, either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child."[3]

Here, the mother's pattern of violence toward men, including violence witnessed by T. W., and other evidence of abuse and neglect directed toward T. W. supported the juvenile court's finding that T. W. and D. W. were deprived, that such deprivation resulted from the mother's unfitness, and that the mother's unfitness was based on more than "a few isolated instances of unusual conduct."[4] We therefore affirm the order of the juvenile court finding that the children were deprived, awarding temporary custody to the Department, and ordering the Department to prepare a reunification plan.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 14, 2009.

*Constance M. Daise*, for appellant.

*Thurbert E. Baker*, Attorney General, *Shalen S. Nelson*, Senior Assistant Attorney General, *Kathryn A. Fox*, Assistant Attorney

---

[2] OCGA § 15-11-94 (b) (4) (B) (iv)-(v).

[3] (Citation and punctuation omitted.) *In the Interest of S. S.*, 232 Ga. App. 287, 289 (501 SE2d 618) (1998).

[4] (Punctuation and footnote omitted.) *In the Interest of H. S.*, 285 Ga. App. 839, 841 (648 SE2d 143) (2007).

*General, Joiya L. Efemini, Joseph T. Justice*, for appellee.