A09A0734. IN THE INTEREST OF E. S. K. et al., children.
(681 SE2d 705)

PHIPPS, Judge.

The father of E. S. K., age nine, J. N. K., age fourteen, P. C. K., age thirteen, and F. L. K., age twelve, appeals the trial court's order that terminated his parental rights to those children.[1] He claims that there was not clear and convincing evidence that the deprivation was likely to continue. Because the evidence was sufficient to show that the deprivation was likely to continue, we affirm.

> On appeal from a juvenile court's decision to terminate parental rights . . . , we review the evidence in the light most favorable to the court's decision and determine

---

[1] The father has other children, including C. K., A. K., Ro. K., D. K. and Ra. K., but his parental rights to those children are not at issue in this appeal.

> whether any rational trier of fact could have found by clear and convincing evidence that the parental rights should be terminated.[2]

The Fulton County Division of Family and Children Services (DFCS) became involved with this family in September 2001 when C. K. complained that her father had hit her with a plastic stick and that she was afraid of him and did not want to return home. In October 2004, the father reported that Ro. K. may have sexually abused his brother, A. K., and Ro. K. was removed from the home. A deprivation petition was filed in November 2004, alleging that seven of the father's children, including the four at issue in this appeal, were deprived for the following reasons: their mother was deceased; Ro. K. was in custody due to allegations he had sexually molested his brother; the other siblings may have been subjected to sexual abuse; A. K. claimed that another brother, D. K., had sexually molested him; and the father was unable to meet his children's daily financial needs or to provide adequate housing, care or support without assistance from DFCS.

In December 2004, the juvenile court conducted a hearing on the petition at which the father stipulated to the petition and acknowledged that its allegations were true. The court declared the children deprived and left them in the care of their father under a protective order requiring the father to maintain suitable income to meet the children's daily financial needs without assistance from DFCS, ensure that the children submit to a forensic examination with the Georgia Center for Children, and comply with its recommendations.

In July 2005, DFCS filed another deprivation petition, alleging that C. K. had reported that her father had forced her and Ra. K. to touch his penis, and that Ra. K. had disclosed that her father had sexually abused her and C. K. The petition further alleged that J. N. K., A. K. and P. C. K. all had disclosed that their brother D. K. had sexually molested them on several occasions. The juvenile court conducted a hearing on this petition, found the children deprived in part because their father had sexually molested them, and placed them with DFCS. A case plan was developed for the father that required him to complete psychological, psychiatric and psychosexual evaluations and follow all recommendations of the health care providers, successfully complete parenting classes and have no contact with the children.

DFCS subsequently filed a motion for nonreunification, which the court heard in March 2006. The court found that the father had

---

[2] *In the Interest of A. D. I.*, 291 Ga. App. 190, 191 (661 SE2d 606) (2008) (citation omitted).

failed to comply with his case plan goals, had been arrested for sexually molesting his children, and was unable to provide the children with adequate care, control or supervision. The court ordered that custody of the children remain with DFCS to effectuate the permanent plan of nonreunification and placement of the children with relatives. It also ordered DFCS to provide the father with tokens to assist him in attending parenting classes and to assist him in completing a psychosexual evaluation.

In January 2008, DFCS petitioned to terminate the father's parental rights to the four children at issue here, alleging that the father was incarcerated with a release date as late as September 2011. At the hearing on the petition, the case manager testified that the father had been convicted of child molestation and sentenced to ten years, five to serve. She further testified that the children had serious mental health issues and were being treated twice monthly. The case manager then detailed her attempts to find a placement for the children with relatives. They were placed with their cousin for a period of time, but she returned them to DFCS. F. L. K., E. S. K., and J. N. K. were placed in an adoptive resource home and P. C. K. was placed in a foster care center. The father testified that he was incarcerated and, for that reason, had not provided any support for his children. Following the hearing, the juvenile court terminated the father's parental rights and placed permanent legal custody of the children with DFCS for the purpose of adoption.

OCGA § 15-11-94 sets forth the relevant procedure for considering the termination of parental rights. First, the court must determine whether there is clear and convincing evidence of parental misconduct or inability.[3] If there is, the court must then consider whether termination of parental rights is in the best interest of the child.[4] The court determines parental misconduct or inability by finding that (1) the child is deprived; (2) the lack of parental care or control is the cause of the deprivation; (3) the cause of the deprivation is likely to continue or will not likely be remedied; and (4) the continued deprivation will cause or is likely to cause serious physical, mental, emotional or moral harm to the child.[5] Here, the juvenile court considered these factors before terminating the father's parental rights.

The father claims that the court should not have terminated his parental rights because there was not clear and convincing evidence that the past deprivation was likely to continue. He does not

---

[3] OCGA § 15-11-94 (a).
[4] Id.
[5] OCGA § 15-11-94 (b) (4) (A).

challenge the juvenile court's findings as to the other three factors required to show parental misconduct or inability or as to whether the termination of his parental rights would be in the children's best interests.

> In determining whether the causes of deprivation are likely to continue, the juvenile court is authorized to consider a parent's past conduct. The decision as to a child's future must rest on more than positive promises which are contrary to negative past fact. Further, this Court has held that the trial court must determine whether a parent's conduct warrants hope of rehabilitation, not an appellate court.[6]

The father's conviction and resulting incarceration for sexually molesting certain of his children is properly considered in determining whether the deprivation of his other children is likely to continue.[7] That, coupled with his inability to meet his children's financial needs or to provide adequate housing, care or support for them, authorized the juvenile court to find that the deprivation of E. S. K., J. N. K., P. C. K. and F. L. K. was likely to continue.[8] Accordingly, the termination of the father's parental rights is affirmed.[9]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JULY 13, 2009.

*Curtis W. Miller*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Leslie Y. Abbott, Elizabeth M. Williamson, Assistant Attorneys General, Cassandra Kirk*, for appellee.

---

[6] *In the Interest of A. G.*, 293 Ga. App. 493, 496 (1) (667 SE2d 662) (2008) (citations and punctuation omitted); see also *In the Interest of K. A. C.*, 290 Ga. App. 310, 313 (3) (659 SE2d 703) (2008).

[7] See *In the Interest of A. C.*, 234 Ga. App. 717, 719 (507 SE2d 549) (1998) (past molestation of one daughter properly considered in deciding whether another daughter's deprivation would continue); *In the Interest of E. N. H.*, 216 Ga. App. 209, 210-211 (453 SE2d 778) (1995) (past molestation of young female family members is proper for consideration in deciding whether deprivation would continue).

[8] See *In the Interest of A. G.*, supra; *In the Interest of A. C.*, supra; *In the Interest of E. N. H.*, supra.

[9] See *In the Interest of A. C.*, supra.