A09A1449. IN THE INTEREST OF K. L., a child.
(685 SE2d 464)

BARNES, Judge.
The mother of K. L. appeals from the order of the juvenile court finding that K. L. was deprived. She maintains that the evidence was insufficient to warrant her loss of custody and the court's finding that the child was deprived. Upon our review, we affirm.

A child is deprived "who . . . [i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals[.]" OCGA § 15-11-2 (8) (A). "[D]eprivation is established by proof of parental unfitness arising from 'either intentional or unintentional misconduct resulting in the abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child.' [Cit.]" *In the Interest of J. P.*, 253 Ga. App. 732, 734-735 (560 SE2d 318) (2002). In reviewing a finding of deprivation,

> we review the evidence in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing

evidence that the child was deprived. This Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's fact-finding and affirm unless the appellate standard is not met.

(Punctuation and footnote omitted.) *In the Interest of A. B.*, 267 Ga. App. 466, 466-467 (600 SE2d 409) (2004).

So viewed, the evidence shows that on January 13, 2008, five-month-old K. L. was taken to her pediatrician's office after her mother discovered blood in her diaper. The doctor told the mother that K. L. had a vaginal tear and contacted police. The doctor told police that K. L.'s vagina had been "penetrated with something," and that her anus had also been penetrated. The baby was transported to the hospital, and it was later discovered that in addition to the other injuries, she also had a two- to three-week-old fracture to her right tibia and a left knee corner fracture. On January 16, 2009, the Bibb County Department of Family and Children Services ("DFACS") filed a deprivation complaint, and a 72-hour hearing was held that same day. After the hearing, the juvenile court found probable cause that K. L. was deprived because the "child in [mother and father's] exclusive custody was vaginally and anally raped. [Doctors] also discovered broken bones aged 2-3 weeks." K. L. was placed in the custody of DFACS.

DFACS, thereafter, filed a deprivation petition, and following a review of the safety assessment on the parents, the juvenile court entered an order for shelter care for K. L. until the deprivation hearing. At the deprivation hearing, the child's pediatrician testified that there was swelling, a tear in the hymen, and "a large amount of blood pooled in [K. L.'s] vaginal area" when he examined her. He also testified that a forensic examination performed at the Crescent House confirmed the injuries but also detected a fracture to the posterior left femur, a "spiral fracture" on the right tibia, and injury to the kneecap. He further testified that, although the injuries could have occurred more than 48 hours before being discovered, because the injuries were so acute, the bleeding likely would have occurred sooner.

A sergeant in the crimes against children division of the Macon Police Department investigated the case and testified at the hearing that doctors confirmed K. L. had been "penetrated with something or by someone." She testified that the parents were arrested and charged with cruelty to children in the first degree because although they denied culpability, both admitted that K. L. had been with only them during the time period her injuries occurred. The mother told police that "the only people that were in their home or around their home at the time that the blood was found in the baby's diaper was

her and [the father]." The officer testified that the parents were monitored while they were in the interview room, and the father mentioned that "the only other diaper that's in there is in the back room." Police searched the home the next day, but did not retrieve any other diapers. The officer in charge of the search testified that there was no trash in the house at all, and that in her opinion "the trash had been removed from the house." There were no other suspects, and the case was still under investigation at the time of the hearing.

The trial court found that K. L. was deprived "due to the failure of [the mother] to protect the child." It is well established that a juvenile court is authorized to find a lack of proper parental care or control based on a parent's failure to protect his or her child from injury. See *In the Interest of G. G.*, 253 Ga. App. 565, 569 (560 SE2d 69) (2002). "A juvenile court's primary responsibility is to consider and protect the welfare of the child whose well-being is threatened." (Punctuation omitted.) *In the Interest of L. A. T.*, 291 Ga. App. 312, 315 (661 SE2d 679) (2008).

Here, the evidence clearly established that the infant was sexually abused during a time period in which she was in the care of the mother and father. Although the mother denied responsibility for the injury and could not explain how K. L. was injured, both parents were arrested for cruelty to children. The juvenile court was not required to determine which of the parents was responsible for the harm to the child, but that pursuant to OCGA § 15-11-2 (8), K. L. was "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals," which was clearly shown based on her being sexually abused while in the mother's care.

Thus, a rational trier of fact could have found by clear and convincing evidence that K. L. was deprived and that the deprivation was a result of the mother's parental misconduct or incapability. We discern no error.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED OCTOBER 21, 2009.

*Christopher R. Lee, Veronica E. Brinson*, for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Virginia B. Fuller, Assistant Attorney General, Andrew S. Foster*, for appellee.