### S90A0773. STOVALL et al. v. FEDERAL SAVINGS & LOAN INSURANCE CORPORATION.
(396 SE2d 484)

SMITH, Presiding Justice.

Commonwealth Savings sued the appellants, James T. Stovall, Thomas R. Spradlin, and Barry J. Israel, for defaulting on certain promissory notes in relation to a condominium investment. The trial court allowed the appellee, Federal Savings and Loan Insurance Corporation (FSLIC) to intervene and held that the estoppel rule established in *D'Oench, Duhme & Co. v. FDIC,* 315 U. S. 447 (62 SC 676, 86 LE 956) (1942), applied and barred certain defenses raised by the appellants. The trial court also denied the appellants' motion to dismiss for failure to join Condominium Systems International (CSI) and Commonwealth Mortgage as indispensable parties. We affirm.

In December 1986, the appellants invested in a DeKalb County condominium project and financed the investment through Commonwealth Mortgage, a subsidiary of Commonwealth Savings. They executed 29 promissory notes for a total debt of $2,338,936.99 over a 30-year period. The appellants defaulted on their loans and attempted to tender the deeds back to Commonwealth Savings claiming fraudulent inducement. The appellants specifically allege that representatives from both CSI and Commonwealth Mortgage orally guaranteed the appellants that the individual units would be sold within a six-month period, allowing the appellants to recoup their investment. Commonwealth Savings refused the tender and sued to recover.

On March 8, 1989, the Federal Home Loan Bank Board (FHLBB) determined that Commonwealth Savings and its subsidiary, Commonwealth Mortgage, were insolvent. The FHLBB reorganized Commonwealth Savings and placed it under authority of the FSLIC, and the FSLIC intervened in this action.

1. The appellants contend that the trial court erred in permitting the intervention of the FSLIC as a real party in interest because the FSLIC was abolished by a federal act reorganizing the savings and loan system. This contention has no merit. The FSLIC assumed by law certain assets and liabilities of Commonwealth Savings. Under the Financial Institutions' Reform, Recovery and Enforcement Act (FIRREA), abolition of the FSLIC in August of 1989 does not affect any right, duty or obligation of the FSLIC which existed prior to the enactment of the FIRREA. 12 USC § 1437 (1989). Furthermore, if the trial court erred by permitting intervention, the error was harmless since the trial court can substitute FSLIC's successor, the Resolution Trust Corporation, at any time. OCGA § 9-11-25 (c).

2. Since the FSLIC is the real party in interest and a federal corporation, the estoppel rule established in *D'Oench, Duhme & Co.*, supra, 315 U. S. at 459, controls this case. Under the *D'Oench, Duhme* doctrine, "oral agreements between debtors and failed banks will not be enforced against the FDIC." This doctrine remains the law after almost half a century, and courts have expanded it to include all banking authorities, not just the FDIC. *FDIC v. Langley*, 484 U. S. 86 (108 SC 396, 98 LE2d 340) (1987).

The *D'Oench, Duhme* doctrine incorporates a "clean hands" rationale; it forbids debtors from alleging secret oral agreements which would deceive banking regulators. It requires written documentation of any agreement which would shift liability from individual debtors to federal depositor insurance agencies. In this case, the FSLIC is a covered federal banking authority, and the alleged oral agreement concerning a six-month limit on the appellants' liability falls within the scope of the doctrine and cannot prevail as a defense.

3. Because the *D'Oench, Duhme* doctrine applies in this case, the trial court correctly determined that CSI and Commonwealth Mortgage were not indispensable parties. Where "there are no 'compelling reasons' for joinder of the third parties, then they are not indispensable to the action. . . ." *Peoples Bank v. North Carolina Nat. Bank*, 230 Ga. 389, 392 (197 SE2d 352) (1973). CSI and Commonwealth Mortgage were needed only to substantiate the appellants' defense of fraud. Since the *D'Oench, Duhme* doctrine disallows the introduction of the alleged oral agreement, the appellants' defense of fraud was negated by law, and complete relief can be awarded without the joinder of CSI and Commonwealth Mortgage.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 1990 —
RECONSIDERATION DENIED OCTOBER 24, 1990.

*Lamberth, Bonapfel, Cifelli & Wilson, J. Michael Lamberth,*

*Carter L. Stout,* for appellants.
  *Rubin & Meroney, Anne E. Meroney,* for appellee.