## S97A0203. FEDERAL FINANCIAL COMPANY v. HOLDEN et al.
### (485 SE2d 481)

BENHAM, Chief Justice.

To secure an indebtedness, Citizens Bank accepted a security deed from three brothers for property which a title examination showed to be owned jointly by them and one other person. Citizens Bank subsequently failed and the Federal Savings and Loan Insurance Corporation was appointed receiver. Appellant Federal Financial Company eventually became assignee of the security deed and the note it secured. Because the note was in default, Federal Financial foreclosed on the interest the brothers had conveyed by the security deed. Appellee Holden, who had done some work on the property in question for which he had not been paid, was not able to assert a senior lien, so he sued to set aside the bank's apparently senior deed to secure debt and the sale under power, and to establish his lien as senior. His theory of the case was that the security deed is worthless because the property, although ostensibly titled in the four individuals, was actually the property of a partnership comprised of the four record owners, and the three partners did not have authority to convey the property. Although the loan officer who handled the transaction denied any knowledge of the partnership, other witnesses testified that he knew and that the bank had knowledge from other sources as well. A jury found that the partnership existed, that

the property was partnership property, that the bank had knowledge that the property was partnership property, and that the brothers did not have authority from the partnership to execute the security deed. The trial court entered judgment canceling the deed to secure debt, setting aside the sale under power, and establishing Holden's lien.

Federal Financial contends that it was entitled to a directed verdict by application of the *D'Oench, Duhme Doctrine*, and that the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict made on that ground. We agree.

The *D'Oench, Duhme Doctrine*, growing from the U. S. Supreme Court's decision in *D'Oench, Duhme & Co. v. FDIC*, 315 U. S. 447 (62 SC 676, 86 LE2d 956) (1942), protects bank depositors and federal guarantors of banks by prohibiting reliance on any agreements which are not of record and which would have the effect of misleading creditors or the public authority. Id. Its protection extends not only to the federal guarantor, but to assignees such as Federal Financial. *FDIC v. Investors Associates X, Ltd.*, 775 F2d 152 (6th Cir. 1985).

"Under the *D'Oench, Duhme Doctrine*, 'oral agreements between debtors and failed banks will not be enforced against [banking authorities].'" *Stovall v. Federal Sav. &c. Corp.*, 260 Ga. 475 (2) (396 SE2d 484) (1990). In the present case, Holden's attack on the validity of the security deed held by the bank is based on two unrecorded agreements: the partnership agreement among the three brothers and the other person, and the agreement between the brothers and the bank pursuant to which they were permitted to pledge, as if it were their own, a tract of property belonging to the partnership. Application of the Doctrine, therefore, would prohibit reliance on those two agreements, without which there is no ground for attacking the validity of the bank's security deed.

Holden asserts that the Doctrine is inapplicable in this case because he was not a party to the dealings between the brothers and Citizens Bank and should not, therefore, be estopped from asserting the invalidity of the security deed. That argument ignores two points. One is that the purpose of the Doctrine is to protect bank depositors and bank authorities and guarantors. *Bell & Murphy & Assoc. v. Interfirst Bank Gateway*, 894 F2d 750 (5th Cir. 1990). Permitting Holden, innocent of wrongdoing as he may be, to invalidate the security deed would strip that protection away. The second point is that the brothers who executed the security deed as collateral for their indebtedness would be beneficiaries of the invalidation of the security deed because Holden's recovery against that land would have the effect of extinguishing in whole or in part their indebtedness to him. Thus, their debt would be paid at the expense of the bank's depositors or the federal guarantors of the deposits or their

assignees. That is exactly what the Doctrine seeks to prevent.

We hold, therefore, that the *D'Oench, Duhme Doctrine* applies in this case. Because the Doctrine would prevent an attack on the bank's security deed on the basis of the unrecorded partnership agreement and the bank's unrecorded agreement with the brothers to accept their pledge of partnership property, Federal Financial was entitled to judgment as a matter of law. The trial court erred in denying Federal Financial's motion for a directed verdict. Other issues raised on appeal need not be addressed in light of the reversal on that ground.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 2, 1997.

*Talley & Darden, Jeffrey B. Talley, Ana M. Rountree,* for appellant.

*Vinson, Talley, Richardson & Cable, James B. Talley, Jr., Charles L. Day,* for appellees.