## A98A0248. LaSONDE et al. v. A & E REAL ESTATE SALES & MANAGEMENT, INC. et al.
### (500 SE2d 636)

Judge Harold R. Banke.

The underlying case arose after A & E Real Estate Sales & Management, Inc. ("A & E") sought a writ of possession against Mary B. LaSonde, a tenant. LaSonde answered and counterclaimed for $15,000. Shortly thereafter, Jack LaSonde, her husband, successfully moved to be joined as a party defendant. While the case was pending, the LaSondes moved to stay the proceedings claiming that Jack LaSonde had filed a Chapter 13 bankruptcy petition. They asserted that Jack LaSonde's bankruptcy filing entitled Mary B. LaSonde, as his co-debtor, to an automatic stay.

When neither Mary LaSonde nor her counsel appeared at trial, the court dismissed her answer and counterclaim and her jury trial demand. The court entered a default judgment only against Mary LaSonde for $9,304 and granted a writ of possession against her. The court later ordered a stay for all proceedings against Jack LaSonde. Enumerating four errors, Mary LaSonde appeals. *Held*:

1. LaSonde contends that the trial court erred in awarding the default judgment against her because the creditor had actual knowledge of her husband's bankruptcy petition. She claims that the automatic stay provisions of 11 USC § 362 prohibited the continuation of the action against her.

The order at issue holds only Mary LaSonde, not Jack LaSonde, liable for the past due rent and court costs. It is undisputed that when A & E instituted its action, it sought back rent and late fees as well as the possession of the premises only from Mary LaSonde. Notwithstanding Jack LaSonde's request to become a defendant, the judgment does not refer to him.

Although Mary LaSonde claims that she and her husband were co-debtors with respect to the subject lease, the record contains no evidence documenting this bare assertion. Further, in the absence of any transcript of the proceedings, we must assume that the evidence authorized the trial court's implicit determination that Mary LaSonde was not protected by the automatic stay provisions of 11 USC § 362 (a) or the co-debtor stay provisions of 11 USC § 1301.[1] *Parks v. Texas Commerce Bank*, 229 Ga. App. 467, 468 (494 SE2d 276) (1997). See *Burnette v. McCarter*, 211 Ga. App. 781, 783 (3) (440 SE2d 488) (1994) (failure to provide transcript precludes consideration of evidence heard by the trial court). Accordingly, we are unable to find that the trial court erred by awarding the default judgment or

---

[1] Under 11 USC § 1301 (a) a co-debtor means any individual who is liable on a consumer debt with the debtor.

by refusing to set it aside. See id.

2. LaSonde contends that the trial court erred by permitting the substitution of Allen Philpot for A & E as the plaintiff without motion and notice after the bankruptcy petition was filed. She claims that this substitution of parties violated OCGA § 9-11-25.[2] Inasmuch as Philpot owns the residence being leased and is the real party in interest, it is difficult to envision how LaSonde was harmed by this change in parties even assuming for the sake of argument only that there was error. *Stovall v. Fed. Savings &c. Ins. Corp.*, 260 Ga. 475, 476 (1) (396 SE2d 484) (1990); *Lewis v. Uselton*, 224 Ga. App. 428, 430 (4) (480 SE2d 856) (1997) (party seeking reversal must show error and harm arising from the asserted error).

3. In light of the above holding, LaSonde's other enumeration is moot.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 31, 1998.

*Antonio L. Thomas*, for appellants.

*Bischoff & White, James E. Bischoff, Lloyd W. Walker*, for appellees.

---

[2] Philpot is the sole appellee here.