# Court of Appeals
# of the State of Georgia

ATLANTA, December 11, 2012

*The Court of Appeals hereby passes the following order:*

## A13I0084. JAY D. KESSLER et al. v. MULTIBANK 2009-1 CRE VENTURE, LLC.

On October 26, 2012, the trial court entered a twenty-page order granting Jay Kessler and Kenneth Seitz's motion to sever their third party complaint and cross claim, denying their motion to realign the parties, and finding that the *D'Oench* doctrine[1] barred the co-defendant's, third party defendant's, and Integrity's fraud from consideration in the case brought by Multibank in this action involving promissory notes and guarantees. Eleven days later, on November 6, 2012, the court certified its order for immediate review. Kessler and Seitz then applied to this Court for an interlocutory appeal.

Under OCGA § 5-6-34 (b), a party may request interlocutory review only if the trial court certifies within ten days of entry of the order at issue that immediate review should be had. If the certificate of immediate review is not entered within that ten-day period, it is untimely, and the party seeking review must wait until the final judgment in the case. OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). "[A] certificate for the immediate review of a nonfinal or interlocutory judgment is ineffective unless entered, i.e., filed with the clerk, within ten days after entry of the judgment appealed from." *Van Schallern v. Stanco*, 130 Ga. App. 687 (204 SE2d 317) (1974).

---

[1] This doctrine is set forth in *Federal Financial Company v. Holden*, 268 Ga. 73 (485 SE2d 481) (1997) (the doctrine protects bank depositors and federal guarantors of banks by prohibiting reliance on any agreements which are not recorded and which would have the effect of misleading creditors or the public authority).

Because the certificate of immediate review in this case was not entered within ten days of entry of the order at issue, we lack jurisdiction to consider the application for interlocutory appeal, which is accordingly *DISMISSED*.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/11/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*