**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 5, 2013**

# In the Court of Appeals of Georgia

A13A1529. KESSLER et al. v. MULTIBANK 2009-1 CRE DO-079
VENTURE, LLC et al.

DOYLE, Presiding Judge.

This Court granted an application filed by defendants Jay Kessler and Kenneth Seitz seeking interlocutory review of trial court orders granting a motion to sever certain cross-claims and third-party claims made in their defense. The motion to sever was filed by plaintiff Multibank 2009-1 CRE Venture, LLC ("Multibank") in Multibank's suit against the defendants on a guaranty of a note. After thorough consideration of the entire record, we conclude that the trial court did not abuse its discretion by granting the motion to sever. Accordingly, we find that the application for discretionary appeal was improvidently granted, and we dismiss the appeal.

The instant dispute is based on guaranties made by Kessler and Seitz in connection with a loan made by Multibank's predecessor[1] to Boden, LLC, a company formed to acquire and develop certain real property. After Boden defaulted on the loan, Multibank sued Boden, Delman Creviston (a co-investor in Boden), Kessler, and Seitz to collect on their guaranties. In response, Seitz and Kessler answered and asserted counter-claims against Multibank, cross-claims against Creviston, and third party claims against other individuals and entities. Seitz and Kessler's claims all stem from allegations that they were induced to invest in Boden and guaranty the loans as a result of fraud on the part of several people including their co-investors and Multibank. Specifically, they alleged that Creviston and others concealed the existence of an unrecorded easement that prevented the property from being developed as planned. They also argue that an employee of Multibank's predecessor orally "vouched" for Creviston's credibility, which helped persuade them to invest in Boden and enter into the guaranty.

Mulitbank moved to sever the cross-claims and third-party claims, arguing that those claims, which essentially argued fraud by third parties, did not arise out of the

[1] Multibank's predecessor failed, and Multibank acquired its interest in the loan from the FDIC, which acted as receiver for the predecessor.

transaction that is the subject matter of Multibank's suit, i.e., the guaranties. After thorough briefing by the parties, the trial court granted the motion to sever, concluding that the D'Oench Duhme doctrine negated a fraud defense against Multibank based on an alleged oral misrepresentation about Creviston's credibility and any alleged misrepresentations by co-investors about the underlying merits of the business venture.

"[S]everance of claims is largely a matter of discretion for the trial judge, and absent clear and manifest abuse of that discretion, it will not be interfered with on appeal."[2] Based on our review of the record, the trial court did not abuse its discretion by severing the fraud claims from Multibank's on the guaranty. Under the D'Oench Duhme doctrine, applied by the trial court, "oral agreements [not recorded in bank documents] between debtors and failed banks will not be enforced against the FDIC" or its successors.[3] The purpose of the doctrine is to protect banking regulators from an undisclosed shift of liability from debtors to federal deposit insurance agencies.[4]

---

[2] (Punctuation omitted.) *Belans v. Bank of America, N.A.*, 306 Ga. App. 252, 253 (1) (701 SE2d 889) (2010).

[3] *Stovall v. Fed. S&L Ins. Corp.*, 260 Ga. 475, 476 (2) (396 SE2d 484) (1990).

[4] See id.

Accordingly, the Georgia Supreme Court has held that borrowers could not assert a fraud claim against a lender who allegedly induced a borrower to consummate a loan by wrongfully promising that the borrowers' planned condominium development would be sold within a six-month period, enabling the borrower to quickly pay off the debt.[5] Here, the alleged oral assurance by Multibank's predecessor falls within the scope of the doctrine, so it cannot support a fraud claim or defense against Multibank in the bank's suit on the unconditional guaranties.[6] Furthermore, any fraud by the co-investors or others is not germane to the merits of Multibank's suit against Kessler and Seitz on the unconditional guaranties. Accordingly, we discern no abuse of

---

[5] See id. See also *Bellamy v. Resolution Trust Corp.*, 266 Ga. 630, 631 (1) (469 SE2d 182) (1996) ("Neither fraud in the inducement nor knowledge by the [lender] is relevant to application of [the D'Oench Duhme doctrine], although fraud in the factum [precluding the borrower from knowing the terms of the loan] would be.") (citations omitted).

[6] Contrary to Appellants' argument on appeal, they do not plead a fraud in the factum defense, which would fall outside the scope of the D'Oench Duhme doctrine. A fraud in the factum defense arises from allegations that the bank induced the debtor to sign the loan documents without the opportunity to obtain knowledge of the character or essential terms of the loan document. See, e.g., *Fed. Deposit Ins. Corp. v. Turner*, 869 F2d 270, 274 (II) (6th Cir. 1989) (doctrine did not bar defense that bank erased essential terms and replaced them without the consent or knowledge of the borrower). Such a circumstance is not pleaded here.

discretion by the trial court in severing those claims from the instant suit, and the appeal is dismissed as improvidently granted.[7]

*Appeal dismissed. McFadden and Boggs, JJ., concur.*

---

[7] We note that the record belies Kessler and Seitz's procedural argument that the trial court erred by considering evidence and improperly converting the motion to sever as one for summary judgment. On motion for reconsideration, the trial court explicitly clarified that it did not consider evidence, and the pleadings, which lay out the alleged fraud defenses and claims, support this characterization.