FOURTH DIVISION
DOYLE, P. J.,
MCFADDEN and BOGGS, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 14, 2013**

# In the Court of Appeals of Georgia

A13A1433. HEWITT v. COMMUNITY & SOUTHERN BANK.

McFADDEN, Judge.

David Hewitt filed a lawsuit against Community & Southern Bank, alleging breach of contract and other claims based on a loan agreement. Community & Southern answered and counterclaimed to enforce a promissory note. The trial court granted summary judgment to Community & Southern as to Hewitt's claims and as to the bank's counterclaim. Hewitt appeals. Because there exist no genuine issues of material fact, we affirm.

On appeal of the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. Further, to prevail at summary judgment under OCGA § 9–11–56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

*Aquanaut Diving and Engineering v. Guitar Center Stores*, ___ Ga. App. ___ (1) (Case No. A13A1559, decided November 7, 2013) (citations omitted).

So viewed, the record shows that in September 2006, West Georgia National Bank agreed to open a line of credit for Hewitt in the maximum principal amount of $6 million. A commitment letter set forth the terms of the loan, specifically providing that the loan had a maturity of "Twelve (12) months." A promissory note perfecting West Georgia's security interest in the loan likewise had a term of 12 months. First National Bank of Georgia, as successor in interest of West Georgia, agreed to renew, extend and modify the loan several times between October 2007 and April 2009. The last renewal included an April 29, 2009 promissory note with a six-month maturity date of October 29, 2009. Hewitt failed to repay the loan in full by that date.

On January 29, 2010, First National was closed by the comptroller of the currency, which appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. The FDIC subsequently sold, transferred and assigned certain of First National's assets, including the loan to Hewitt, to Community & Southern Bank. Community & Southern made a written demand to Hewitt for payment of the amounts due under the note.

Hewitt then instituted the instant action against the bank, claiming, among other things, that the initial 2006 loan commitment was supplemented by an oral agreement to give the loan a five-year term. In granting summary judgment to the bank on Hewitt's breach of contract claim, the trial court noted that the loan commitment plainly set forth a 12-month term, not a 5-year term, and that Hewitt's claim of terms different from those in the written agreement was barred by the federal *D'Oench, Duhme* doctrine. This appeal followed.

1. *D'Oench, Duhme doctrine.*

Hewitt argues that the trial court erred in relying on the *D'Oench, Duhme* doctrine because it applies only to the FDIC and not subsequent assignees like Community & Southern. The argument is without merit.

The doctrine arises from U.S. Supreme Court's decision in *D'Oench, Duhme & Co. v. FDIC*, 315 U. S. 447 (62 SCt 676, 86 LE 956) (1942), and "protects bank depositors and federal guarantors of banks by prohibiting reliance on any agreements which are not of record and which would have the effect of misleading creditors or the public authority." *Federal Financial Co. v. Holden*, 268 Ga. 73, 74 (485 SE2d 481) (1997) (citation omitted). Under the doctrine, "oral agreements between debtors and failed banks will not be enforced against banking authorities." Id. (citation and

punctuation omitted). Moreover, "[i]ts protection extends not only to the federal guarantor, but to assignees such as [Community & Southern]." Id. (citation omitted). Thus, contrary to Hewitt's argument, the trial court did not err in ruling that the doctrine applies in the instant case to protect the assignee bank from breach of contract claims based on purported agreements not of record. See also *First Union Nat. Bank of Fla. v. Hall*, 123 F3d 1374, 1379 (III) (B) n. 8 (11th Cir. 1997) ("The *D'Oench, Duhme* doctrine has been expanded to protect entities to whom the FDIC, in its capacity as receiver of failed banks, has transferred assets formerly belonging to a failed bank.").

Hewitt's further argument that the doctrine does not apply because the purported five-year term was not merely an oral agreement, but was an express term of the written commitment, is likewise without merit. In support of this argument, Hewitt points to an exit fee clause of the loan commitment, which provided that Hewitt "agrees to pay an exit fee if he decides to finance the loan elsewhere. The fee will start at 1.00% during year one and will decrease by 0.25% each year. The exit fee will be terminated after [Hewitt] has completed four years with [the bank]." Contrary to Hewitt's argument, this vague language, which fails to identify a specific amount upon which the exit fee percentage is based, does not establish a five-year term for

4

the loan. Rather, it simply attempts to provide some method by which the amount of an exit fee would have been calculated if Hewitt had decided to finance the loan elsewhere. The *D'Oench, Duhme* doctrine bars "any obligation not *specifically memorialized* in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records." *Baumann v. Savers Fed. Sav. & Loan Assn.*, 934 F2d 1506, 1515 (IV) (11th Cir. 1991) (citation omitted; emphasis supplied). Here, a five-year term is not specifically memorialized in the loan commitment document. Because Hewitt is unable to point to any "documents that clearly manifested the [purported five-year term,]" we find no error in the trial court's application of the doctrine. *FDIC v. McCullough*, 911 F2d 593, 601 (V) (11th Cir. 1990) (citation and punctuation omitted).

2. *Commitment to issue letter of credit.*

Hewitt also asserted a breach of contract claim based on allegations that First National breached a commitment to issue a letter of credit to secure bond financing for a property development. In 2008, First National issued a commitment letter, identifying an entity known as the 205 Gateway Improvement District as the borrower and Hewitt as the guarantor, and setting forth conditions for a subsequent letter of credit. The commitment letter provided that it would "be terminated and become null

5

and void" if the letter of credit was not issued within 45 days. The letter of credit was not issued.

The trial court granted summary judgment to Community & Southern on the claim for breach of the commitment on the grounds that (1) Hewitt was not a party or third-party beneficiary to the commitment; (2) Community & Southern was not a party to the commitment and did not assume any liabilities from that commitment when it purchased First National's assets from the FDIC; and (3) the commitment terminated by its own terms 45 days after it issued. On appeal, Hewitt challenges only the first ground for the trial court's ruling, arguing that he was a party or third-party beneficiary of the commitment.

> Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. An appellant's failure to attack alternative bases for a judgment results in the affirmance of that judgment. Since each of the alternative grounds which [Hewitt] fails to address is sufficient on its face to support the judgment rendered, and no reversible error has been demonstrated with respect to either of them, the judgment must be affirmed.

*Brown v. Fokes Properties 2002*, 283 Ga. 231, 233 (2) (657 SE2d 820) (2008) (citations and punctuation omitted).

3. *Summary judgment on counterclaim for breach of the note.*

Hewitt enumerates that the trial court erred in granting summary judgment to Community & Southern on its counterclaim for breach of the promissory note. Hewitt argues that the bank has not proven the existence of any contract between it and Hewitt because the bank has failed to show that the FDIC assigned it the note. The claim is specious as Hewitt himself, in his verified complaint, alleged that after First National failed, the FDIC was appointed receiver, Community & Southern became the successor-in-interest to First National, and as successor-in-interest it "is bound by the contract between [First National] and [Hewitt]." Moreover, the record contains unrebutted affidavit and documentary evidence showing that the FDIC sold, assigned and transferred to Community & Southern all of First National's rights and interests in promissory notes, loan documents and all other indebtedness secured by security instruments, including the loan to Hewitt as evidenced by the promissory note. "Accordingly, the trial court did not err in finding that there was a valid assignment of the loan [and note] to [Community & Southern] Bank." *Kensington Partners v. Beal Bank Nevada*, 311 Ga. App. 196, 197 (1) (715 SE2d 491) (2011) (citation omitted).

4. *Promissory estoppel.*

Hewitt argues that the trial court's ruling should be reversed because he is entitled to a promissory estoppel defense to the bank's enforcement of the note. However, as the trial court correctly ruled, Hewitt's promissory estoppel defense is based on the same alleged unwritten representations as his breach of contract claim, and thus it is barred by the *D'Oench, Duhme* doctrine. See *Bowen v. FDIC*, 915 F2d 1013, 1014-1015 (5th Cir. 1990) (promissory estoppel claim defeated by the *D'Oench, Duhme* doctrine barring use of unrecorded agreements as basis for claims or defenses); *Magdaleno v. IndyMac Bancorp*, 853 FSupp2d 983, 994-995 (E) (E. D. Cal. 2011) (applying *D'Oench* to reject plaintiff's theory of promissory estoppel).

5. *Mitigation of damages.*

Hewitt claims there is a jury issue as to Community & Southern's duty under OCGA § 13-6-5 to mitigate its damages as to Hewitt's breach of the promissory note. However, "OCGA § 13-6-5 does not apply [where, as here, there is] an absolute promise to pay." *American Express Travel Related Svcs. Co. v. Web, Inc.*, 261 Ga. 480, 483 (3) (405 SE2d 652) (1991) (citations omitted). See also *Reid v. Whisenant*, 161 Ga. 503, 509-510 (131 SE 904) (1926); *Haley v. Oaks Apartments*, 173 Ga. App. 44, 46 (325 S.E.2d 602) (1984) (physical precedent).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*