**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2015**

# In the Court of Appeals of Georgia

A15A1583. EARL'S PEARLS, LLC et al. v. COBB COUNTY, GEORGIA.

MCFADDEN, Judge.

In this condemnation action, condemnee D & B Child Care II, Inc. appeals from separate trial court orders denying its motion for partial summary judgment on the issue of its duty to mitigate business loss damages and granting condemnor Cobb County, Georgia's motion for partial summary judgment as to D & B's claim that it had no duty to mitigate its business loss damages by attempting to relocate the business.[1] Because D & B has attacked only one ground for the trial court's denial of its motion for partial summary judgment and has not challenged alternative grounds

---

[1] We note that another condemnee, Earl's Pearls, LLC, is included on the notice of appeal and the appellate brief. However, the issues raised on appeal pertain only to D & B's business loss claim of damages.

for the ruling, we must presume that those grounds are correct and affirm that ruling. But because there exist genuine issues of material fact as to D & B's claim that it had no duty to mitigate business losses by relocating, we reverse the grant of partial summary judgment to condemnor.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law." *Stennette v. Miller*, 316 Ga. App. 425, 426 (729 SE2d 559) (2012) (citation omitted). On appeal, we review a trial court's grant or denial of summary judgment de novo, construing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *SKC, Inc. v. eMag Solutions*, 326 Ga. App. 798 (755 SE2d 298) (2014).

So viewed, the evidence shows that D & B operated a Primrose School child care franchise on property leased from property owner Earl's Pearls, LLC. Richard and Barbara Hett owned both D & B and Earl's Pearls, and they personally guaranteed D & B's franchise obligations. On October 15, 2008, Cobb County filed a petition for condemnation and a declaration of taking of the property against Earl's Pearls, D & B and others, estimating $457,600 as just compensation for the property taken and depositing that amount in the registry of the court. Earl's Pearls and D &

B timely filed an answer, counterclaim, and notice of appeal pursuant to OCGA § 32-3-14, claiming, among other things, that as a result of the taking D & B has been forced to cease operation of its school, that there were no suitable locations to relocate the school, that the amount of money paid into court for the taking is insufficient to compensate Earl's Pearls for the value of the property taken, and that D & B is entitled to compensation for the business loss it has suffered.

D & B moved for partial summary judgment as to its duty to mitigate its business loss damages, arguing that the cost of relocating the school exceeded the value of its business and therefore, under the authority of *Carroll County Water Authority v. LJS Grease & Tallow*, 274 Ga. App. 353 (617 SE2d 612) (2005), it had no duty to mitigate by relocating. The trial court denied the motion, finding that condemnees had misinterpreted and mistakenly relied on *Carroll County* in regards to the issue of relocation costs. The trial court also denied the motion by further finding that there exist numerous issues of material fact concerning D & B's duty to mitigate its business loss. Among other things, the trial court found that there are factual disputes for jury resolution as to whether D & B had other reasonable mitigation options, whether D & B's attempt to exclude evidence of its failure to relocate was moot, whether D & B as a tenant-operator on the property would have

3

to expend funds to purchase property to relocate its business, and whether D & B had waived the claim that it was relieved of the duty to mitigate by relinquishing its franchisee rights before the condemnation. Based on all those grounds, the trial court denied the motion for partial summary judgment as to D & B's duty to mitigate its business loss damages.

Thereafter, Cobb County filed a motion for partial summary judgment as to D & B's claim that it had no duty to mitigate its business loss damages by relocating its business. The trial court granted that motion, finding that the evidence showed that D & B had terminated its franchise rights prior to the date of the taking in this action and thus could not have relocated the business under its franchise agreement. Accordingly, the trial court concluded that D & B was precluded from claiming that it had no duty to mitigate its business loss damages by relocating. This appeal followed.

1. *Denial of D & B's motion for partial summary judgment.*

D & B cites *Carroll County*, supra, for the proposition that if relocation costs exceeded the value of the business, the condemnee cannot be charged with a failure to mitigate damages by not relocating that business. Pointing to evidence that its cost

4

of relocating exceeds the value of its business, D&B contends that the trial court erred in denying its motion for partial summary judgment as to that issue.

But as noted above, the trial court not only denied summary judgment on the ground that D & B had misconstrued and improperly relied on *Carroll County*, but also denied the motion on the alternative grounds that there exist numerous issues of material fact concerning D & B's duty to mitigate its business loss. D & B has failed to attack any of the alternative grounds in support of its enumeration of error claiming that the trial court erred in denying the motion for partial summary judgment.

Consequently, pretermitting whether the proposition for which D & B cites *Carroll County* is a correct statement of Georgia law, we must affirm based on the unchallenged alternative grounds set forth in the trial court's order. "Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. An appellant's failure to attack alternative bases for [a] summary judgment [ruling] results in the affirmance of that judgment." *Tidwell v. Coweta County Bd. of Ed.*, 240 Ga. App. 55, 55-56 (1) (521 SE2d 889) (1999) (citations omitted). See also *Hewitt v. Community & Southern Bank*, 324 Ga. App. 713, 716 (2) (751 SE2d 513) (2013).

2. *Grant of condemnor's motion for partial summary judgment.*

D & B asserts that the trial court erred in granting Cobb County's motion for partial summary judgment. We agree.

That summary judgment ruling was premised on the trial court's finding that "the evidence of record shows that [D & B] terminated its franchise rights prior to the [October 2008] taking in this action[.]" The trial court did not identify what evidence supported that finding. But Cobb County cites to a clause in a 2010 settlement agreement between D & B and the Primrose School Franchising Company indicating that the franchise agreement was terminated on August 8, 2008.

However, D & B has pointed to conflicting evidence, including the June 4, 2009 deposition of Primrose's chief executive officer, who testified that as of that date, approximately eight months after the taking of the property, the franchise agreement with D & B had not yet been terminated. Furthermore, D & B's counsel stated in his place that the franchise agreement was not terminated until 2010 and that the August 2008 date referenced in the settlement agreement was merely selected as a retroactive date in order to speed up the expiration of non-compete and confidentiality provisions in the franchise agreement. See *Rank v. Rank*, 287 Ga. 147, 149 (2) (695 SE2d 13) (2010) (counsel's statements in his place, if not objected to, serve the same function as evidence). The trial court therefore erred in granting partial

summary judgment to condemnor since D & B met its burden of "point[ing] to specific evidence giving rise to a triable issue." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted). See also *Carroll County*, supra at 354 (1) ("Where the imminency of a condemnation forces an established business to close before the date of the condemnation, the absence of a business in operation on the property on the date of the taking does not automatically end all inquiry into the relevancy of business loss evidence.") (citations omitted). Accordingly, we reverse the grant of partial summary judgment to Cobb County.

*Judgment affirmed in part and reversed in part. Ellington, P. J., and Dillard, J, concur.*