A95A0725. IN THE INTEREST OF T. M. R. et al., children.
(458 SE2d 148)

McMURRAY, Presiding Judge.

Defendant Ray appeals an order of the juvenile court terminating his parental rights in his children, T. M. R. and J. G. R. These children had initially been taken into the custody of the Berrien County Department of Family & Children Services (DFCS) following an incident in which J. G. R. had been physically abused by the children's natural mother and stepfather. Defendant was not involved in that incident and was at that time incarcerated for theft by conversion and forgery. Termination proceedings were initiated against the natural parents, and the mother's parental rights were terminated. This court affirmed termination of the mother's parental rights in *In the Interest of T. M. R.*, 208 Ga. App. 499 (430 SE2d 865). The juvenile court deferred its decision with regard to the father, defendant Ray, directing that he have visitation with the children for a period of time after release from prison before a determination concerning his parental rights. After the period of visitation and a subsequent evidentiary hearing, an order terminating defendant's parental rights in the children was entered, and this pro se appeal followed. *Held*:

The enumerations of error complain of the admission into evidence and the juvenile court's reliance upon defendant's criminal convictions, including particularly convictions on four counts of child molestation. The child molestation convictions pre-dated the birth of

defendant's children and obviously did not involve them, and there is nothing in the record to suggest any misconception by the juvenile court concerning this fact.

In considering the termination of parental rights, the juvenile court was required to first determine whether there is present clear and convincing evidence of parental misconduct or inability. OCGA § 15-11-81 (a). This determination is made by finding that the child is deprived, that the cause of that deprivation is lack of proper care or control by the parent, that the cause of deprivation will likely continue, and that the continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. OCGA § 15-11-81 (b) (4) (A). In determining whether a child is without proper parental care and control, the juvenile court was authorized to consider the conviction of the parent of a felony and imprisonment therefor which has a demonstrable negative effect on the quality of the parent-child relationship. OCGA § 15-11-81 (b) (4) (B) (iii). Upon a showing by clear and convincing evidence of such parental misconduct or inability, the juvenile court was authorized to then consider whether termination of parental rights is in the best interest of the children. OCGA § 15-11-81 (a).

A conviction of a crime and incarceration does not always compel a termination of parental rights but will support such a ruling when adequate aggravating circumstances are shown to exist. *In the Interest of S. K. L.*, 199 Ga. App. 731, 733 (405 SE2d 903); *In the Interest of R. L. H.*, 188 Ga. App. 596, 597 (373 SE2d 666). Such aggravating circumstances are shown when a parent has a history of repetitive incarcerations for the commission of criminal offenses or parole violations since this past conduct of the parent is viewed as illustrative of the probable conduct of the parent in the future. *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344). The evidence of the criminal convictions of defendant Ray was therefore relevant and properly admitted into evidence so that the convictions might be considered by the juvenile court as trier of fact on these issues. The evidence as to defendant's criminal record also included conviction and incarceration for theft and forgery and additional convictions for forgery, escape, entering an automobile, and theft by taking.

The child molestation convictions were also relevant for an additional reason. In determining whether the children were without proper parental care and control, the juvenile court was authorized to consider those incidents involving physical, mental, or emotional neglect of other children pursuant to OCGA § 15-11-81 (b) (4) (B) (v).

The period of visitation following defendant Ray's release from prison provided further evidence of defendant Ray's inability to care for the children. After unsupervised visits began, both children began demonstrating emotional distress. J. G. R. became hyperactive and

hostile towards other children, would begin to whine and cry when taken for her visit, and stated she did not want to visit defendant. T. M. R. began having sleep disturbances and hiding in closets.

After approximately one month of unsupervised visits, a psychological evaluation was conducted on J. G. R. Based on this evaluation and observations of caseworkers, the DFCS sought and obtained a modification requiring supervision of the visits.

Also, several incidents of inappropriate behavior on the part of defendant were noted during the visitation period, including several matters which appeared to have caused an adverse emotional reaction in one or both of the children. Defendant told a DFCS psychologist that he was remarried. During one of the supervised visits, he showed J. G. R. a photograph of a woman and infant and told her that the picture was of her new mother and baby sister. However, defendant later acknowledged that these representations were untrue.

T. M. R. has been diagnosed with certain food allergies, and defendant was informed of this problem. Nonetheless, he continued to feed T. M. R. foods which were inappropriate due to these allergies.

The juvenile court determined that the children were without proper parental care and control as a result of defendant's actions and that it was in the best interest of the children that defendant's parental rights be terminated. As an appellate court we must defer to the juvenile court in the area of fact finding and should affirm unless the appellate standard of review is not met. As we find that any rational trier of fact could have found by clear and convincing evidence that defendant's rights to custody were lost, the juvenile court did not err in terminating the parental rights of defendant Ray. *In the Interest of L. F.*, 203 Ga. App. 522, supra.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 19, 1995.

*J. Reese Franklin,* for appellant.

James N. Ray, *pro se.*

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Shalen A. Sgrosso, Assistant Attorneys General, Simpson, Gray & Carter, Joseph I. Carter,* for appellee.