521 S.E.2d 448 (1999)
239 Ga. App. 511
In the Interest of B.M.L., a child.
No. A99A1451.
Court of Appeals of Georgia.
August 3, 1999.
*449 Michael R. McCarthy, Dalton, for appellant.
Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Richard K. Murray, for appellee.
JOHNSON, Chief Judge.
The mother of two-year-old B.M.L. appeals from the termination of her parental rights. B.M.L.'s father, who did not appear for the termination hearing and whose parental rights were also terminated, is not a party to this appeal. The mother concedes that her son, who was initially placed in the custody of the Department of Family & Children Services when he was two months old due to her incarceration, is deprived because she is currently serving a habitual felon prison sentence. She argues, however, the court erred in basing its decision to terminate her parental rights largely on the department's assertions that she would likely continue to commit crimes. The mother's argument is without merit given her criminal history of arrests, convictions and incarcerations both before and after B.M.L.'s birth.
The record shows that in 1991 the mother was sentenced to ten years of first offender probation after being convicted of three counts of possessing controlled substances and one count of shoplifting. In January 1997, while pregnant with B.M.L., she was incarcerated and resentenced as a first offender because she had committed various violations of her probation conditions, including simple battery and two instances of shoplifting. Before B.M.L.'s birth in March 1997, she was released from jail and continued on probation. Two months after the birth, in May 1997, she was again arrested on criminal charges.
In June 1997, her probation was revoked because she violated its conditions by shoplifting and possessing marijuana. During that same month she pled guilty to the three counts of shoplifting that had been probation violations and was sentenced to two years imprisonment followed by three years on probation. She was released from confinement in October 1997, but was arrested again in May 1998. She subsequently pled guilty to two more shoplifting offenses and to possessing marijuana. She is currently serving a felony sentence of ten years imprisonment with service of the last five years on probation. This sentence was upheld in Lynn v. State, 236 Ga.App. 600, 512 S.E.2d 695 (1999).
A conviction of a crime and incarceration [do] not always compel a termination of parental rights but will support such a ruling when adequate aggravating circumstances are shown to exist. [Cits.] Such aggravating circumstances are shown when a parent has a history of repetitive incarcerations for the commission of criminal offenses or parole violations since this past conduct of the parent is viewed as illustrative of the probable conduct of the parent in the future. [Cit.]
In the Interest of T.M.R., 217 Ga.App. 461, 462, 458 S.E.2d 148 (1995).
*450 In the instant case, the trial court appropriately based its termination of the mother's parental rights, in part, on her repeated criminal convictions and probation violations. Contrary to the mother's argument, her criminal history provides clear and convincing evidence that B.M.L.'s deprivation is likely to continue even after she is released from custody for her most recent convictions. See In the Interest of C.L.R., 232 Ga.App. 134, 138(1)(c), 501 S.E.2d 296 (1998); In the Interest of S.N.N., 230 Ga.App. 109, 110(1), 495 S.E.2d 602 (1998).
Moreover, we note that the court's thorough ruling was based on many factors other than the mother's criminal history, including the mother's failure to comply with goals of a case plan to reunite her with the child, her failure to support B.M.L. or another child, her failure to obtain drug treatment, expert testimony that B.M.L. is well adjusted and has bonded with his foster parents and that removing him from them would be harmful to the child, and the recommendation of the guardian ad litem that termination of parental rights is in the child's best interests.
The mother has not challenged any of these other factors, which, in addition to her criminal history, support the court's decision to terminate her parental rights. See OCGA § 15-11-81. The mother has shown no error requiring reversal of the trial court's ruling.
Judgment affirmed.
POPE, P.J., and ELDRIDGE, J., concur.