521 S.E.2d 470 (1999)
239 Ga. App. 545
In the Interest of F.C. et al., children.
No. A99A1242.
Court of Appeals of Georgia.
August 9, 1999.
*471 James E. Wilbanks, Dalton, for appellants.
Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Waycaster, Morris, Johnson & Dean, Cynthia N. Johnson, Dalton, for appellee.
SMITH, Judge.
The parents of three-year-old F.C. and five-year-old D.L.C. appeal from the order of the Murray County Juvenile Court terminating their parental rights. In their sole enumeration of error, they assert that the State failed to meet the required burden of proof. We do not agree, and we affirm the termination order.
The decision to terminate parental rights is a two-step process. The juvenile court must first determine whether clear and convincing evidence exists of parental misconduct or inability, and if so, then the court determines whether termination of the parents' rights is in the best interest of the children, after considering the physical, mental, emotional, and moral condition and needs of the children, including their need for a secure and stable home. OCGA § 15-11-81(a). Parental misconduct is found when the children are deprived; lack of parental care or control is the cause of the deprivation; such deprivation is likely to continue or will not be remedied; and continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the children. OCGA § 15-11-81(b)(4)(A); In the Interest of A.M.V., 222 Ga.App. 528, 529, 474 S.E.2d 723 (1996). The same factors supporting a finding of parental misconduct or inability may also support a finding that the termination of parental rights would be in the children's best interest. In the Interest of D.T., 221 Ga.App. 328, 329(1), 471 S.E.2d 281 (1996).
This court reviews the evidence in the light most favorable to the appellee. In the Interest of D.T., supra. Our standard of review is whether any rational trier of fact could have found by clear and convincing evidence that the natural parents' rights to custody have been lost. A.M.V., supra at 532, 474 S.E.2d 723; In the Interest of M.E.C., 228 Ga.App. 9, 10(1), 491 S.E.2d 107 (1997). Our review of the evidence presented to the juvenile court persuades us that this standard was more than met.
No question exists that the children were deprived, given that prior orders finding the children deprived were not appealed, and the juvenile court took judicial notice of these orders.[1]In the Interest of E.C., 225 Ga.App. 12, 14-15, 482 S.E.2d 522 (1997). The other criteria necessary for a finding of parental misconduct or inability were satisfied as well. Both parents had extensive *472 criminal histories, and throughout the short lives of these children the parents were frequently incarcerated. In determining whether the cause of the deprivation was lack of proper care or parental control, the juvenile court was authorized to consider the parents' records of multiple convictions for felonies and periods of imprisonment, which had a demonstrable negative effect on the quality of their relationships with the children. In the Interest of T.M.R., 217 Ga.App. 461, 462, 458 S.E.2d 148 (1995). The parents' criminal histories demonstrate their continued engagement in criminal activities, even after the children were placed in the care of the Department of Family & Children Services ("DFACS").
Although imprisonment alone does not lead to termination, where, as in this case, an incarcerated parent has a criminal history of repetitive incarcerations for the commission of criminal offenses or parole violations, this constitutes an additional factor which may be considered in determining whether the child presently is without the proper parental care and control of the offending parent, and that such is likely to continue.
(Punctuation and footnote omitted.) In the Interest of A.M.N., 234 Ga.App. 365, 369, 506 S.E.2d 693 (1998). The harm to the children is obvious and unquestionable.
In this case, both parents also failed to comply with reunification plans developed after the children were placed in the custody of DFACS. The case plans required the parents to establish a stable home and stable employment, refrain from criminal activity, remain sober, support the children, and visit regularly. Neither parent ceased participating in criminal activity. Neither parent established a stable home, living in numerous locations when not incarcerated. Neither parent obtained stable employment or supported the children. The parents have not demonstrated their freedom from substance abuse, and the court found that both parents have problems with "chronic, unrehabilitated use of alcohol and drugs which affect[s] their abilities to parent their children adequately, and affect[s] their abilities to provide adequately for their children's needs." The father failed to complete a parenting skills course, and the mother refused to attend the course. Although the parents have visited the children sporadically, neither parent has visited on all scheduled occasions.
The DFACS caseworker testified that the children were doing well in their foster care placement, where they had lived for some time. The foster parents were considering adoption. Both the DFACS caseworker and the guardian ad litem appointed to represent the children recommended termination of the parents' rights. The trial court's acceptance of this recommendation and determination that it was in the best interest of the children was supported by the evidence.
Judgment affirmed.
POPE, P.J., and ELDRIDGE, J., concur.
NOTES
[1] The parents consented to the entry of these orders.