A05A1076. IN THE INTEREST OF A. B. et al., children.

(617 SE2d 189)

ELLINGTON, Judge.

The Juvenile Court of Floyd County terminated the parental rights of the mother and putative fathers of seven-year-old A. B. and three-year-old A. B. The children's mother appeals, challenging the sufficiency of the evidence. Finding no error, we affirm.

> On appeal, we must determine whether, after reviewing the evidence in a light most favorable to the lower court's judgments, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. This Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's fact-finding and affirm unless the appellate standard is not met.

(Citation omitted.) *In the Interest of C. R. G.*, 272 Ga. App. 161, 161-162 (611 SE2d 784) (2005).

The Georgia Code sets forth a two-step process to be used in termination of parental rights cases. First, the trial court determines "whether there is present clear and convincing evidence of parental misconduct or inability." OCGA § 15-11-94 (a). Four factors must be present to establish parental misconduct or inability: (1) the child must be deprived; (2) the lack of proper parental care or control by the parent in question must cause the deprivation; (3) the cause of the deprivation must be likely to continue; and (4) continued deprivation must be likely to cause the child serious physical, mental, emotional, or moral harm. OCGA § 15-11-94 (b) (4) (A) (i)-(iv). If the trial court finds that these four factors exist, then the court determines whether termination of parental rights is in the best interest of the child, "after considering the physical, mental, emotional, and moral condition and needs of the child, . . . including the need for a secure and stable home." OCGA § 15-11-94 (a).

Viewed in the light most favorable to the juvenile court's judgment, the record shows that the Georgia Department of Human Resources by and through the Floyd County Department of Family and Children Services ("the Department") opened a case on this family in February 2001 when the mother tested positive for cocaine at the birth of the younger child. The mother refused to seek treatment and to submit to drug screens and failed to provide a home for the children, as required by the Department. The Department took the children into custody when the younger child was diagnosed at six months of age with Shaken Baby Syndrome. In September 2001, the juvenile court adjudicated the children deprived, and in September 2002 and August 2003 the deprivation finding was repeated in orders which continued custody with the Department. The mother did not appeal these orders and is thus bound by the deprivation determination. *In the Interest of A. C. O.*, 269 Ga. App. 667, 669 (1) (605 SE2d 77) (2004).

As to the second factor, the juvenile court determined that the children's deprivation is caused by the lack of proper parental care and control based on three statutory factors: (1) the mother's conviction of a felony and imprisonment therefor which has had a demonstrable negative effect on the parent-child relationship;[1] (2) the mother's excessive use of cocaine and marijuana which has had the effect of rendering her incapable of providing adequately for the children's needs;[2] and (3) the mother's failure to comply with a court-ordered plan designed to reunite her with her children.[3]

The record shows the mother was incarcerated for cocaine possession with intent to distribute, a felony, from July 2003 to August 2004. While incarcerated, the mother had almost no contact with the children. The younger child has no bond with her mother and does not recognize the mother as her own.

The mother has abused cocaine for approximately 20 years. The older child was born in 1997 while the mother was incarcerated for possession with intent to distribute cocaine. The mother has attempted rehabilitation several times but each time either relapsed within one year of treatment or failed to even complete treatment. During the period of less than two years between the first deprivation order and her second incarceration for possession with intent to distribute cocaine, the mother tested positive for cocaine use six times and twice for marijuana use. In addition, the mother entered drug treatment approximately six times during that period and each time

---

[1] See OCGA § 15-11-94 (b) (4) (B) (iii).
[2] See OCGA § 15-11-94 (b) (4) (B) (ii).
[3] See OCGA § 15-11-94 (b) (4) (C) (iii).

failed to comply with treatment despite suffering serious consequences for drug use including removal of her children and incarceration. Her most recent addiction counselor opined that based on her history the mother is at high risk for relapse.

On June 18, 2003, the mother agreed to a reunification case plan which required her to become and remain drug free and to establish financial and residential stability. Less than one month later, the mother was arrested for possession with intent to distribute cocaine and spent the next 13 months in jail. This evidence supported a finding that the children's mother unjustifiably failed to achieve her case plan goals by the date of the hearing.

Based on all of the above, viewed in the light most favorable to the juvenile court's determination, a rational trier of fact could have found by clear and convincing evidence that the children's deprived status is caused by the mother's lack of proper parental care or control, the second factor. *In the Interest of D. M. W.*, 266 Ga. App. 456, 458-459 (2) (597 SE2d 531) (2004); *In the Interest of B. I. F.*, 264 Ga. App. 777, 780-781 (1) (592 SE2d 441) (2003); *In the Interest of K. W.*, 262 Ga. App. 744, 746-747 (1) (b) (586 SE2d 423) (2003); *In the Interest of B. N. S.*, 259 Ga. App. 622, 623-624 (578 SE2d 242) (2003). See OCGA § 15-11-94 (b) (4) (A) (ii), (B), (C).

As to the third factor, a rational trier of fact could also have found by clear and convincing evidence that the cause of the deprivation is likely to continue because the mother is highly likely to continue using illegal drugs and because the mother failed to achieve financial and residential stability, as required by her case plan, so she could provide for her children's basic needs. *In the Interest of B. N. S.*, 259 Ga. App. at 624-625; *In the Interest of S. C. M. H.*, 238 Ga. App. 159, 162-163 (2) (517 SE2d 598) (1999); *In the Interest of J. R.*, 201 Ga. App. 199, 200-201 (1) (410 SE2d 458) (1991).

Finally, the record supports the juvenile court's conclusion that continued deprivation is likely to harm the children, the fourth factor.

> We have held that evidence of a mother's repeated failure to remain drug free and her failure to take the steps necessary to reunite with the children was sufficient to prove that the continued deprivation would cause the child serious physical, mental, emotional, or moral harm. Additionally, it is well settled that children need permanence of home and emotional stability or they are likely to suffer serious emotional problems.

(Punctuation and footnote omitted.) *In the Interest of J. S. T. S.*, 273 Ga. App. 221, 225-226 (614 SE2d 863) (2005).

As for the second prong of the termination analysis, we are persuaded that the termination of the mother's rights is in the best interests of the children, considering the children's physical, mental, emotional, and moral condition and their "need for a secure and stable home." OCGA § 15-11-94 (a). "The same evidence showing parental misconduct or inability may, and here does, establish this requirement." (Citation and punctuation omitted.) *In the Interest of A. C.*, 272 Ga. App. 165, 168 (2) (611 SE2d 766) (2005). See *In the Interest of M. L. P.*, 236 Ga. App. 504, 510 (1) (d) (512 SE2d 652) (1999) (juvenile court has broad discretion in determining how the interest of the child is best served).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 7, 2005.

*William H. Newton III*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Holly A. Bradfield*, for appellee.

