Doyle, Presiding Judge, dissenting.
Although I agree with all that is said in Judge Barnes's dissent and her recitation of the burden of proof to establish the statutory ground for termination under OCGA § 15-11-310 (a) (5),[1] I write separately to emphasize that we need not address this issue because the mother did not appeal the alternative ground for termination - abandonment under OCGA § 15-11-310 (a) (4) -expressly ruled on by the trial court.[2] The mother's failure to appeal that ruling renders her *637 bound by the judgment of the trial court[3] and only leaves for this Court the issue of whether the juvenile court properly determined that the State presented clear and convincing evidence that termination is in the best interests of the child pursuant to OCGA § 15-11-310 (b). As set forth in the majority and Presiding Judge Barnes's dissent, there is no question that the State met this burden. Therefore, this Court should affirm the juvenile court's order terminating the mother's parental rights.
I am authorized to state that Presiding Judge Ellington and Judge Andrews join in this dissent.

The majority finds that there is insufficient evidence for the juvenile court to have found that "continued dependency was likely to cause serious physical, mental, emotional, or moral harm" to the child because of its reliance on In the Interest of A. S. , 339 Ga. App. 875, 880-882 (3), 794 S.E.2d 672 (2016), and In the Interest of E. M. D. , 339 Ga. App. at 189, 202 (2) (b), 793 S.E.2d 489 (2016), which require a showing that "there is evidence that remaining in foster care will cause serious harm to a child [based on evidence that] (1) ... instability and impermanency are currently causing specific harms to the child and (2) ... the parent's current relationship with the child is itself detrimental." Majority Division 3, supra, quoting In the Interest of E. M. D. , 339 Ga. App. at 202 (2) (b), 793 S.E.2d 489. Nevertheless, I question this language because the statute does not require a juvenile court to make any specific inquiries to determine whether continued dependency is likely to cause serious harm. These two cases and related cases that require similar applications of this new standard deviate from longstanding precedent, which was most aptly summarized by now Justice Blackwell in In the Interest of C. L. , 315 Ga. App. 607, 612-613 (1) (b), 727 S.E.2d 163 (2012) (whole court). There, this Court explained that
our Court has recognized, in case after case, that children should not be required to linger unnecessarily and indefinitely in foster care, inasmuch as children need permanence of home and emotional stability, or they are likely to suffer serious emotional problems. [In the Interest of ] J. E. , 309 Ga. App. at [51,] 58 (1) (d) [ 711 S.E.2d 5 (2011) ] (citation and punctuation omitted); see also In the Interest of T. H. , 311 Ga. App. 641, 645, 716 S.E.2d 724 (2011) ; In the Interest of R. J. D. B. , 305 Ga. App. 888, 895 (1) (b), 700 S.E.2d 898 (2010) ; In the Interest of A. R. , 302 Ga. App. 702, 711 (1) (d), 691 S.E.2d 402 (2010) ; In the Interest of A. J. D. S. , 300 Ga. App. 235, 239 (4), 684 S.E.2d 360 (2009) ; In the Interest of S. N. H. , 300 Ga. App. 321, 327 (1) (d), 685 S.E.2d 290 (2009) ; In the Interest of K. R. , 298 Ga. App. 436, 442 (1) (d), 680 S.E.2d 532 (2009) ; In the Interest of P. D. W. , 296 Ga. App. 189, 196 (1) (d), 674 S.E.2d 338 (2009) ; In the Interest of D. W. , 294 Ga. App. 89, 93 (1) (d), 668 S.E.2d 533 (2008) ; In the Interest of C. J. L. C. , 293 Ga. App. 848, 852 (1) (c), 668 S.E.2d 821 (2008) ; In the Interest of J. L. C. , 292 Ga. App. 763, 768, 666 S.E.2d 98 (2008) ; In the Interest of D. B. C. , 292 Ga. App. 487, 496 (1) (d), 664 S.E.2d 848 (2008) ; In the Interest of J. S. , 292 Ga. App. 86, 89, 663 S.E.2d 793 (2008). Given our consistent recognition of this principle, we are not convinced that affirmative and individualized evidence always is required to authorize a finding that a child has a need for permanence and stability.
In the Interest of C. L. is on point with our case today. Nonetheless, as set forth above, we need not reach this issue because the mother failed to appeal the finding of abandonment, which is dispositive.

The majority's remand of this case "for the juvenile court to clarify its findings such that they can be meaningfully challenged and reviewed on appeal" is a waste of judicial resources when the current order specifically states that the juvenile court "finds that the child has been abandoned by [the mother] pursuant to [OCGA] § 15-11-2 and [OCGA] § 15-11-310." And additionally enumerated the following specific factual findings:
27. The mother has failed to develop and maintain a parental bond with the child in a meaningful, supportive manner for a period in excess of six months prior to the hearing on the petition for termination of parental rights.
28. The mother has without justifiable cause failed to provide for the care and support of the child as required by law for a period in excess of six months prior to the hearing on the petition for termination of parental rights[; and]
29. The mother has without justifiable cause failed to comply with a court ordered plan designed to reunite the child with the mother for a period in excess of six months prior to the hearing on the petition for termination of parental rights.
In addition to these three numbered findings, the juvenile court also found:
[t]he mother declined supervised visitation with the child for several months beginning in May 2015. The mother has seen the child once in the last eight (8) months, in March 2016. The Department offered supervised visitation with the mother and the child at the Department's office, which the mother declined. The mother testified that she sought to re-engage visitation in January 2016, but was unable to visit until March 8, 2016[,] because the offered location at the Department's office was inconvenient. Once the visits changed location to the courthouse, the mother did visit one (1) time with the child.
These findings contain all the necessary factual findings to support the trial court's explicit termination on the alternative ground of abandonment, and as aptly stated by Presiding Judge McFadden in his dissent, "we should not drag out this litigation for another year so he can present us with a more perfect order."

See, e.g., In the Interest of E. G. M. , 341 Ga. App. 33, 49 (2) (a), 798 S.E.2d 639 (2017) ; In the Interest of B. M. L. , 239 Ga. App. 511, 512, 521 S.E.2d 448 (1999). Cf. Marks v. State , 280 Ga. 70, 75 (4), 623 S.E.2d 504 (2005) (holding that failure to enumerate on appeal a ruling as error will result in waiver of the claim); Hewitt v. Community & Southern Bank , 324 Ga. App. 713, 716 (2), 751 S.E.2d 513 (2013) ("Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. An appellant's failure to attack alternative bases for a judgment results in the affirmance of that judgment.").