**THIRD DIVISION
ELLINGTON, P. J.,
BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 18, 2018**

# In the Court of Appeals of Georgia

A18A0802. IN THE INTEREST OF I. H. H., a child.

BETHEL, Judge.

The mother appeals the juvenile court order terminating her parental rights. She argues that the juvenile court erred in finding by clear and convincing evidence that the child would be harmed if the termination petition was not granted. We disagree and find that the juvenile court was statutorily authorized to terminate the mother's parental rights pursuant to OCGA § 15-11-310 (a) (4), which provides for termination of parental rights when "[a] child is abandoned by his or her parent[.]"

"[O]n appeal from a termination order, we view the evidence in the light most favorable to the juvenile court's ruling and determine whether a rational trier of fact could have found by clear and convincing evidence that the parent's rights should have been terminated." *In the Interest of S. O. C.*, 332 Ga. App. 738, 741-742 (774 SE2d 785) (2015) (footnote and punctuation omitted). "In making this determination

we neither weigh the evidence nor judge the credibility of the witnesses, but instead defer to the factual findings made by the juvenile court, bearing in mind that the juvenile court's primary responsibility is to consider and protect the welfare of a child whose well-being is threatened." *In re S.C.S*, 336 Ga. App. 236, 245 (784 SE2d 83) (2016) (citations and punctuation omitted).

So viewed, the evidence shows that the child was placed in the custody of the Gwinnett County Department of Family and Children Services on June 18, 2015, based on allegations that he had been abandoned by his mother. The mother had gone to California and left the child with a paramour who in turn left the child with the child's maternal great grandmother. After the great-grandmother was no longer able to care for the child, the child's putative father was contacted by the Department to retrieve the child. At that time, the mother's whereabouts were unknown and she had not been heard from in six months. The child was found to be dependent by the juvenile court since he was without a legal custodian due to being abandoned by his mother. At the final adjudicatory hearing in September 2015, the mother, who was represented by counsel, stipulated to her inability to care for the child and asked that

the child be placed in the care of fictive kin, T. T.[1] The mother expressed her willingness to work through a case plan in order to reunite her with the child.

Following an October 2015 hearing, the mother made no contact with the Department, had not begun working on her case plan, and her whereabouts were once again unknown. After the mother failed to appear for other hearings, the Department filed a motion for non-reunification and termination of parental rights. The mother did not attend the hearing on the motion.

At the motion hearing, the assigned case manager testified that the mother never signed the case plan and that the Department had been unable to contact her. The case manager noted that aside from telephone conversations, the child had not had any physical contact with the mother and that the mother had provided no financial assistance for the child. The juvenile court also heard from the child's caretaker, T. T., who testified that since coming to live with her, the child has developed a strong bond with T.T. T. T. also testified that since coming to live with her, the mother calls the child sporadically but has not visited him or sent money to aid in his care. T. T. confirmed that the child missed his mother and did not

---

[1] Evidence shows that T. T. also has physical custody of the mother's other child.

understand why she did not call or visit him. T. T. also testified that the mother has a history of erratic behavior and mood swings. T. T. told the juvenile court that she wanted to adopt the child.

Following the hearing, the juvenile court entered an order terminating the mother's rights to the child based on the finding that the child had been abandoned. The mother moved for a new trial which was denied. This Court granted the mother's application for discretionary appeal and this appeal followed.

In her only enumeration of error, the mother argues that the juvenile court erred in finding that the child would be harmed if the termination petition was not granted. Because the mother misinterprets the statutory ground on which the order for termination was granted, her argument is without merit.

OCGA § 15-11-310 (a) (4) provides that termination of parental rights is authorized when "[a] child is abandoned by his or her parent[.]" OCGA § 15-11-2 (1) defines "abandonment" or "abandoned" to mean "any conduct on the part of a parent, guardian, or legal custodian showing an intent to forgo parental duties or relinquish parental claims." The statute further provides examples of such conduct, such as a parent's failure to communicate meaningfully with the child, maintain regular visitation with the child, leave the child with another person without provision for his

4

or her support, or to participate in any court ordered plan or program designed to reunite the parent and child for a period of at least six months. *See* OCGA § 15-11-2 (1) (A)-(H).

Here, the Department claimed in its petition for termination that the child had been abandoned by her mother and putative biological father.[2] During the termination hearing, the evidence showed that the child was abandoned by his mother for over six months and had been in the Department's custody for nearly a year. Counsel for the mother conceded that the child was dependent. The evidence also showed that the mother refused to sign a case plan and that she had no physical contact with the child since he was placed in foster care. The mother did not attend the termination hearing, and her attorney told the court that he did not know the mother's whereabouts.[3]

And after reciting its findings of fact, the juvenile court stated:

---

[2] The order giving rise to this appeal also terminated the parental rights of the putative biological father. The father did not appeal the order.

[3] We note that during the same hearing, the attorney for the mother orally petitioned to withdraw from the case citing the mother's failure to maintain contact with him leading up to and during the termination hearing.

5

Based upon the foregoing, the Court finds and concludes that there exists parental misconduct[4] relative to the above-named child; that the mother and putative father have failed to provide their child with a home, care or support, and that the parents have abandoned their child. The Court finds and concludes that clear and convincing evidence supports the termination of [the mother] and [the putative father].

Contrary to the mother's argument, the statutory provision in question does not require the juvenile court to make a finding that the child would suffer harm if he remained in foster care in order for parental rights to be terminated. Additionally, the mother has failed to enumerate as error and challenge on appeal the juvenile court's determination that the evidence supported a finding of abandonment by the mother as a statutory ground for terminating her parental rights. Therefore, the mother has waived on appeal her right to challenge the juvenile court's finding as to this ground on appeal. *See, e.g.*, *In the Interest of E. G. M.*, 341 Ga. App. 33, 49 (2) (a) (798 SE2d 639) (2017); *In the Interest of B. M. L.*, 239 Ga. App. 511, 512 (521 SE2d 448)

---

[4] Indeed, pursuant to this statutory basis for termination of parental rights, the termination can be based on parental "non-conduct" (as opposed to misconduct) for a period of six months or more. Where a parent fails to perform parental duties for the requisite time period, a child can be found to be abandoned. In such cases, it is the parent's severance of the familial bond through inaction that terminates the relationship.

(1999). *Cf. Hewitt v. Community & S. Bank*, 324 Ga. App. 713, 716 (2) (751 SE2d 513) (2013) ("Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. An appellant's failure to attack alternative bases for a judgment results in the affirmance of that judgment.") (citation and punctuation omitted); *Marks v. State*, 280 Ga. 70, 75 (4) (623 SE2d 504) (2005) (holding that failure to enumerate on appeal a ruling as error will result in waiver of the claim).

Thus, because the termination of the mother's parental rights is justified on the ground of abandonment, we affirm.

*Judgment affirmed. Ellington, P.J., and Senior Appellate Judge Herbert E. Phipps, concur.*