**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 12, 2020**

# In the Court of Appeals of Georgia

A19A2239. IN THE INTEREST OF C. L. et al., children.

McFADDEN, Chief Judge.

The mother of two minor children appeals from a juvenile court order terminating her parental rights, challenging the sufficiency of the evidence and the effectiveness of her trial counsel.[1] However, the record shows that a rational trier of fact could have found by clear and convincing evidence that the mother's parental rights should be terminated and the mother has failed to show that she was prejudiced by her trial counsel's performance. So, we affirm.

1. *Facts and procedural posture.*

---

[1] The father's parental rights were also terminated, but he is not a party to this appeal.

"On appeal from a termination order, we view the evidence in the light most favorable to the juvenile court's ruling and determine whether a rational trier of fact could have found by clear and convincing evidence that the parent's rights should have been terminated." *In the Interest of I. H. H.*, 345 Ga. App. 808 (815 SE2d 133) (2018) (citation and punctuation omitted). So viewed, the evidence shows that in 2010, minor children C. L. and R. B. were placed in the temporary custody of the Houston County Department of Family and Children Services because their mother was unable to care for them due to her illegal drug abuse. Approximately six months later, the children were returned to the mother after she had clean drug screens and was participating in a drug treatment program.

In 2016, the department learned that the mother was abusing methamphetamine again and was unable to care for the children. Following a hearing and the mother's admission that her drug addiction significantly interfered with her ability to care for the children, the juvenile court entered an order finding that the children were dependent because of the mother's drug abuse. The children were again placed in the department's temporary custody and a reunification case plan was implemented. After the mother had tested positive for drugs and failed to attend drug treatment appointments, the department filed a petition to terminate her parental rights, alleging,

among other things, that she had not completed the case plan requirement of substance abuse treatment.

A termination hearing was held on November 14, 2018. At the hearing, a department case worker testified that the case plan had been in effect for over two and-a-half years; that C. L. and R. B. were living together in a foster home and had bonded well with their foster family, who was ready to adopt the children; that the mother had failed to complete drug rehabilitation; that the mother had continued to test positive for drugs on multiple occasions; and that she had been dismissed from her drug treatment program because of her relapses. A therapist in the drug treatment program confirmed that the mother had continued to test positive for methamphetamine and alcohol while in treatment, that her attendance for treatment was sporadic, and that she had been dismissed from the program due to her continued drug use.

The mother testified that she had been suspended from her job at a restaurant after she was incarcerated on reckless driving and battery charges, that she had not paid any child support while her children have been in the department's care, that she had relapsed and used drugs multiple times prior to the hearing, and that if she were tested at the hearing she would test positive for marijuana. The mother acknowledged

3

that the children were very stable in their foster home and that they would not be stable if they were placed in her custody at that time. She testified that although she could not offer the children any stability at the time of the hearing, she believed that she would be able to care for them after she had the opportunity to complete an intensive in-patient drug treatment program.

At the conclusion of the testimony, the guardian ad litem recommended that the mother's parental rights be terminated. She told the court that the children are thriving in their foster home, that they have indicated they would like to be adopted by their foster family, and that "[i]f they were to continue on this way it is going to hinder any type of emotional healing that they could gain from their therapy and from being in a stable environment[.]"

The juvenile court subsequently issued its final order terminating the mother's parental rights, finding that she had failed to complete the reunification plan requirement of drug rehabilitation and that she was incapable of providing the needed stability for the children. The mother filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

2. *Sufficiency of the evidence.*

In her first enumeration of error, the mother contends that the juvenile court erred in terminating her parental rights because there was insufficient evidence that the children's continued dependency is likely to cause serious harm to them. We disagree.

> A juvenile court's termination of parental rights involves a two-step process. The first step dictates a finding of parental misconduct or inability, which requires clear and convincing evidence that (1) the child is [dependent]; (2) lack of proper parental care or control is the cause of the [dependency]; (3) such cause of [dependency] is likely to continue; and *(4) the continued [dependency] will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child*. If these four factors are satisfied, the court must then determine whether termination of parental rights is in the child's best interest, considering physical, mental, emotional, and moral condition and needs, including the need for a secure and stable home.

*In the Interest of S. O. C.*, 332 Ga. App. 738, 742 (774 SE2d 785) (2015) (citations and punctuation omitted). See also OCGA § 15-11-310; *In the Interest of R. B.*, 346 Ga. App. 564, 574 n. 14 (816 SE2d 706) (2018) (Dillard, C. J., concurring specially) (explaining that current Juvenile Code no longer speaks of a "deprived" child and instead refers to a "dependent" child, but that the definitions of the two terms are so similar that any distinction is unimportant in cases involving termination of parental rights).

In this case, the mother has not challenged the conclusions that her substance abuse is the cause of the children's dependency and that such cause of dependency is likely to continue, but challenges only the sufficiency of the evidence supporting the fourth factor emphasized above regarding the likelihood of harm to the children.

> When a court assesses whether a child now in foster care is likely to suffer serious harm as a result of continued [dependency], the court must consider not only the likelihood of harm if the child remains indefinitely in foster care, but also the likelihood of harm if the child returns to the custody of his parent, notwithstanding that the [dependency] persists. Here, the evidence shows a likelihood of harm in both circumstances. First, the record supports a finding that the [children] likely would suffer serious harm if they were returned to their mother. After all, the [dependency] in this case involves, among other things, the mother repeatedly relapsing into abuse of illegal drugs . . . . When[, as in this case,] the record includes evidence sufficient to support a finding that such [continued drug abuse is] likely to persist and thereby leave a parent unable to provide for the needs of her child[ren], we have said, time and again, that the same evidence also may authorize a finding that continued [dependency] is likely to cause serious harm, even if it does not compel a finding of likely harm. In [*In the Interest of J. E.*, 309 Ga. App. 51 (711 SE2d 5) (2011)], we sustained a finding of a likelihood of harm based on evidence similar to the evidence that appears in this case. [Id.] at 58 (1) (d) (considering the harmful consequences of the mother's possible or likely relapse into drug use and/or her continued failure to provide for her child).

*In the Interest of C. L.*, 315 Ga. App. 607, 611-612 (1) (b) (727 SE2d 163) (2012) (citations and punctuation omitted). See also *In the Interest of A. E.*, 314 Ga. App. 206, 209 (2) (c) (723 SE2d 499) (2012) ("[T]he same facts that support a juvenile

6

court's conclusion that a child is [dependent] and that the [dependency] is likely to continue if placed with the parent also support a conclusion that continued [dependency] would likely cause the child serious harm.")

With regard to the likelihood of the children being harmed by remaining in foster care indefinitely, the juvenile court found that the "children are in need of permanence so they can heal and move forward with their lives and the parents are incapable of providing the needed stability for these children." "This finding is not error. [As] our Court has recognized, in case after case, [dependent] children should not be required to linger unnecessarily and indefinitely in foster care, inasmuch as children need permanence of home and emotional stability, or they are likely to suffer serious emotional problems." *In the Interest of C. L.*, supra at 612 (1) (b) (citations and punctuation omitted).

For the foregoing reasons, the mother's challenge to the sufficiency of the evidence showing that the children's continued dependency is likely to cause them serious harm is without merit. As we have previously explained,

> evidence of a mother's repeated failure to remain drug free and her failure to take the steps necessary to reunite with the children was sufficient to prove that the continued [dependence] would cause the child serious physical, mental, emotional, or moral harm. Additionally,

it is well settled that children need permanence of home and emotional stability or they are likely to suffer serious emotional problems.

*In the Interest of A. B.*, 274 Ga. App. 230, 232 (617 SE2d 189) (2005) (citation and punctuation omitted).

3. *Ineffective assistance of counsel claim.*

The mother claims that her trial counsel provided ineffective assistance in failing to confer adequately with her before the termination hearing and in failing to call witnesses at the hearing. We disagree.

> While termination of parental rights cases are more civil in nature than criminal, parents facing termination of their rights have been afforded some of the protections to which criminal defendants are entitled, including the right to effective representation. In order to prevail on an ineffective assistance claim, appellant must show that her trial counsel's performance was deficient and that the deficient performance prejudiced her [to the extent that] there is a reasonable probability that, absent counsel's unprofessional errors, the result of the trial would have been different. Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address the issue of deficient performance if appellant has not borne her burden of demonstrating prejudice.

*In the Interest of S. N. H.*, 300 Ga. App. 321, 329 (5) (685 SE2d 290) (2009) (citations and punctuation omitted).

Here, the mother has failed to meet her burden of demonstrating prejudice. Instead, "she merely speculates that favorable evidence would have been revealed [if

8

counsel had met with her longer or called witnesses]. Under these circumstances, [the mother] has failed to demonstrate a reasonable probability that additional preparation or action by her trial counsel would have changed the outcome of her case." *In the Interest of B. Q. L. E.*, 297 Ga. App. 273, 278 (4) (676 SE2d 742) (2009) (citations omitted).

*Judgment affirmed. Senior Appellate Judge Herbert E. Phipps, concurs. McMillian, P. J., concurs fully in Divisions 1 and 3, and in the judgment only as to Division 2.\**

**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY AS TO DIVISION 2. COURT OF APPEALS RULE 33.2(a).**